P. M. SHEIBLEY, plaintiff in error, *vs.* DANIEL P. HILL, administrator, for use, defendant in error.

1. In a suit between an administrator, who sues for the use of another, and the defendant, the latter is a competent witness to testify to the identity of a paper alleged to have been sold by the administrator at public sale and bought and paid for, for defendant. His testimony should be excluded only as to transactions between the intestate and defendant.

2. When a promissory note, or other instrument in writing, is sold at administrator's sale as insolvent paper, the maker thereof may, by an agent, purchase the same with the administrator's consent, and if the administrator receive the purchase money and thus execute the contract of sale, his consent will be inferred, and the title of the estate thereto will pass, and the administrator cannot recover thereon.

3. A charge, unsupported by any evidence, should not be given to the jury.

Administrators and executors. Witness. Charge of court. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1876.

Reported in the opinion.

R. R. HARRIS; SMITH & BRANHAM, for plaintiff in error.

R. D. HARVEY; FORSYTH & REESE; ALEXANDER & WRIGHT, for defendant.

JACKSON, Judge.

This was a suit brought by D. P. Hill, administrator on the estate of Joseph Davis, deceased, for the use of Elizabeth Davis, against Sheibley, on the following instrument:

"Received, Rome, Georgia, August 13th, 1876, of Doctor Joseph Davis, $500 00, to be appropriated on joint account to buying property in the city of Rome, or in case of no investment, to be returned."

The defendant pleaded that he had bought the paper by an agent at the sale thereof by Hill, administrator, the same having been sold by Hill as insolvent paper at administrator's sale, and the title having been in the estate; and that he was in bankruptcy; and that in the lifetime of Davis, he had paid him in tobacco. The plaintiff, the usee in the suit, contended that she had got the paper from the father of Joseph Davis, to whom Joseph had given it, and who had given it to her; and the testimony of the father was that his son had given it to him to keep, as rather appears from his evidence, and that he had given it to his son's wife, who is Elizabeth Davis, the usee, after the death of Joseph Davis, his son.

There was some evidence of payment in tobacco, and it was clear that some paper on Sheibley, and for $500 00, called a note, was sold by Hill, administrator, as insolvent paper, and bought by one Goodman for Sheibley; but Hill did not have it with him, and it was not delivered to the purchaser, and Hill could not fully identify it as the paper sold. Mrs. Davis swore that she gave it, among other papers of deceased, to Hill, and afterwards got it back. The jury, under the charge of the court, found for the plaintiff; a motion was made for a new trial, it was refused, and error is assigned on that refusal upon several grounds.

1. The defendant was offered as a witness, and his testimony was rejected by the court. We think that, as to the contract between him and Joseph Davis, or any transaction touching it between him and Joseph Davis, the latter being dead, he was incompetent, because the reason on which the statute excluding him is founded is that the other party to the contract is dead and cannot confront him. But he was offered here, among other things, to show the identity of the paper sued on with the paper sold and bought at the administrator's sale. That was a matter between him and the administrator—a sale by the administrator to him, and as to that transaction, we think that he was competent. Observe that this suit is only nominally the administrator's. If he recover, the recovery is for the use of Mrs. Davis, and the estate will be no better off; so that part of the statute which excludes the other party from swearing when *the administrator is a party*, does not apply. The administrator is no party here in the sense of the statute: Code, section 3854.

2. If this paper was sold by the administrator and paid for by defendant, all title in the estate was gone, and the identity of the paper was a vital thing to be proven, and we think that the defendant ought to have been allowed to show it. Whether the maker of a note or other obligation could purchase it at administrator's sale was not made a question before us; but if it had been, we think when the administrator consents to the sale and puts up the paper and receives and keeps

the money, it is quite clear that the purchase can be made; nor do we wish to be understood to rule that it could not be so bought by the maker in any case when fairly put up and fairly purchased as the highest and best bidder at public sale.

3. We think, also, that the court was wrong in charging the jury, *in this case*, that "an equitable assignment exists where one party, in due course of trade, purchases from another, for a valuable consideration, an instrument not negotiable, and it is delivered to the purchaser," inasmuch as we are unable to find in the record any evidence to support such a charge. On the contrary, the facts in the case at bar all turn upon a gift to Davis' father by Davis, apparently merely to keep the paper, and then a gift to Mrs. Davis by her father-in-law; all of which appear to us to show that the title, really, never, *bona fide* and for value, passed out of Joseph Davis, deceased, but that it remained in his estate, and the administrator could sell it. The plea of bankruptcy was proven by the record of the adjudication, but it was not insisted upon before us, probably because if the debt was owing at all it partook of the nature of a trust debt. On the other grounds we must award a new trial.

Judgment reversed.