Hill, administrator, for use, *vs.* Sheibley.

1. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by law in lieu thereof." Code, §2657. Delivery of a non-negotiable written instrument, without more, is not sufficient to prove a gift.
2. There was no abuse of discretion in granting a new trial in this case.

Promissory notes. Gift. Title. New trial. Before Judge UNDERWOOD. Floyd Superior Court. September Adjourned Term, 1879.

Hill, as administrator of Joseph A. Davis, deceased, brought complaint for the use of Elizabeth Davis, against Sheibley, on the following written instrument:

"Received, Rome, August 13, 1866, of Dr. Joseph Davis, five hundred dollars, to be appropriated on joint account to buying property in the city of Rome, or in case of no investment to be returned.

(Signed) P. M. SHEIBLEY."

Defendant filed the following pleas:

1. The general issue.
2. That the plaintiff is not the owner of the paper sued on; that the paper was sold by Hill, as administrator, and bought by one Goodwin for defendant.
3. Discharge in bankruptcy.
4. That the debt had been paid in tobacco.

The usee claimed by reason of the following state of facts, which the evidence in her behalf tended to show: That Joseph A. Davis gave the instrument to his father, who failed to collect it. Whether it was an absolute gift

seems somewhat doubtful. On this point the testimony of the father was as follows : " He gave it to me to collect the money on from Sheibley. . . . . I can't say whether my son gave it to me for my own use or not, as he gave it without saying anything, but I think it was his intention to give it to me for my own use." After the son's death the father gave it to the widow. Her own testimony on this subject is as follows : " I am the owner of said receipt. I got it from William Davis, father of Dr. Joseph A. Davis, my husband, on or about the 20th or 21st day of October, in the year 1867. Dr. J. A. Davis died on the 18th of October, 1867. His father, William Davis, did not reach Atlanta until the next day, and after his corpse had been sent off for interment. Mr. William Davis had the receipt in his possession ; claimed it as his own ; said Dr. Joseph A. Davis had given it to him some time previous ; but as Dr. J. A. Davis was now dead, and had left witness, his widow, and one little child, he, Mr. William Davis, did not think it was right for him to keep it, and that he would give it to witness. Accordingly he then and there, in the house of witness in Atlanta, at or about the time above mentioned, and in the presence of Mrs. William Taylor, of Macon, Georgia, delivered said receipt to witness as her property, and there and then transferred to witness all the right and title which he had and held to said receipt by virtue of the previous gift of the same by Dr. J. A. Davis to him.    *    *    *

" Said receipt was for a short time in the possession of D. P. Hill, administrator. It came about in this way : When William Davis gave said receipt to witness, within a day or two after her husband's death, she had no place to keep anything of the kind, and she naturally, as women similarly situated would do, placed said receipt among her husband's papers. When an administration was granted and an inventory and appraisement took place, Mr. D. P. Hill took possession of all the papers belonging to the estate, and. among the rest got into his possession the receipt of P.

M. Sheibley. As soon as witness found that Mr. D. P. Hill, the administrator, had possession of said receipt and claimed the same as the property of the estate, witness went to him and claimed the same as her property, and upon a statement in substance as above to him, he, as administrator, delivered the same to witness, and it has been in possession of herself or of her counsel ever since."

Defendant, on the other hand, claimed that one Goodwin, for defendant's use, had bought this claim at administrator's sale from Hill, administrator. The evidence showed that Hill did offer at his sale what sometimes is called by the witnesses "a note" and sometimes "a claim;" that this instrument or claim was on P. M. Sheibley, bore date August 13th, 1866, and was for $500.00; that Hill did not have it at the sale, but told Goodwin, the purchaser, that he would deliver it. He says the delivery was to be "when he found it," and that he had never found it. Goodwin says that Hill told him to call at his office for the paper, which he did several times, but failed to get it. It also appeared that Goodwin's purchase was made for Sheibley.

As to the other pleas the evidence was conflicting.

The jury found for plaintiff $500.00 principal, besides interest. Defendant moved for a new trial, which was granted, and plaintiff excepted.

R. D. HARVEY; FORSYTH & HOSKINSON, for plaintiff in error.

JOEL BRANHAM, for defendant.

JACKSON, Justice.

This case was before this court in 57 *Ga.*, 232, when a new trial was awarded by this court. On a review of the last trial, now before us again for review, the judge granted the motion to set aside the verdict and award a new trial himself, and the plaintiff excepted thereto.

1. From the evidence disclosed by this record we cannot

say that the judge abused his discretion in having the whole case tried again. Its general countenance, to use Judge Bleckley's simile, did not please him, and he granted the new trial generally, putting the grant of it on no special ground.

Passing by the question of law made as to the nature of this debt, whether fiduciary or not in the sense of that word as used in the bankrupt act, under the construction recently placed upon the word by the supreme court of the United States in 5 Otto, 704–708, we hardly think that the title to this receipt in the plaintiff in error through the alleged gift by her husband to her father, is sufficiently established by proof according to the requisitions of the law. Code, §§2657–2663 ; 1 *Ga.*, 601 ; 3 *Ga.*, 520 ; 31 *Ga.*, 71-108; Code, §2776 ; 41 Md., 466 ; 57 Mo., 427.

2. However this may be, it is manifest that in this case there is no abuse of discretion in granting a new trial and again investigating the questions made in the light of such additional testimony as may be adduced. The discretion is in the superior court, lodged there by the law, and it cannot be taken from that court by this court according to law, unless that legal discretion be abused so as to become illegal in its abuse. This court sits only to review errors of law ; and it is only when the grant of, or refusal to grant, a new trial becomes an error of law that this court can legally correct the error.

Judgment affirmed.