CHARLES DAVIS v. GEORGE W. MERRILL, WYNDHAM H..
EASTWOOD AND WILLIAM MERRILL.

*Remedy of partner against firm to which he belongs.*

One cannot sue himself, and neither a partner nor his assignee can maintain an action at law against the firm, even after its dissolution, for the amount of a note made by the firm to the partner and afterwards accidentally destroyed without ever having been indorsed.

The remedy of a partner, or of his assignee, against the firm upon a note given by it to the partner, must lie in equity, if anywhere, after the dissolution of the partnership without an accounting or settlement.

Error to Saginaw.   (Gage, J.)   June 22.—October 17.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*D. W. Perkins* for appellant.

*Edget & Brooks* for appellee.

SHERWOOD, J.   The defendants were copartners on the 14th of October, 1874, and had been for sometime previous thereto, and as such the company on that day gave to the defendant Eastwood, a note due in one month after date, payable to his order, for $596.82, with interest at ten per cent.

The firm continued business until March 10, 1875, and was then dissolved, and by mutual consent the books and accounts of the company were placed in the defendant, George W. Merrill's hands, who collected the accounts and paid the debts, and was thus engaged when this suit was brought.   There had been no settlement or accounting of the partnership dealings, and the amount of said note had been carried to the general credit of said Eastwood in his account upon the partnership books.   The credit of George W. Merrill was greater than that of Eastwood, as shown by the accounts at that time.   Testimony was also given tend-

ing to show that the note had never been presented or payment demanded, but that on the 8th day of May, 1875, $25 was paid by the company on the note. . Also, that Eastwood, in January, 1881, resided at Binghamton, in the state of New York, and forwarded the note to D. W. Perkins, of East Saginaw, for collection, and on the 20th of the same month Perkins remitted the note at East Saginaw to Eastwood, at Binghamton, and that on the way the same was lost or destroyed by the burning of a mail car.

On the fifth day of May, 1881, Eastwood made a written assignment, selling and transferring all of his claims against the company, of every kind and description, to the plaintiff, for the purpose of enabling him to bring suit upon the note, and the next day this suit was commenced.

The declaration is special upon the note, with common counts added for money had and received. Plea,—general issue, with notice of statute of limitations. At the close of the trial the court instructed the jury that Eastwood could not have suit upon the note, for the reason that he could not sue himself; neither could the plaintiff, who is his assignee; that the enforcement of the plaintiff's claim involved the investigation of partnership matters, which could only be had in a court of equity, and directed a verdict for defendants, and plaintiff brings error.

We think the rulings and direction of the circuit court were right in the case. It clearly appears that the claim arose out of the partnership dealings of the firm of Merrill, Eastwood & Co., and consisted of a note given by the firm to one of its members, and in such case the payee cannot bring suit at law,—he cannot sue himself. Chitty on Contracts 239; Collyer on Partnership 642; 2 Lindley on Partnership 1030; *Eastman v. Wright*,.6 Pick. 320; *Burley v. Harris* 8 N. H. 235; *Griffith v. Chew* 8 S. & R. 30; *Portland Bank v. Hyde* 11 Me. 196; *Mainwaring v. Newman* 2 Bos. & P. 124; *Bosanquet v. Wray* 6 Taunt. 597; *Hammond v. Teague* 6 Bing. 197. Neither can his assignee bring suit (*Learned v. Ayres* 41 Mich. 677) the note having been

transferred by assignment and not by endorsement. *Spinning v. Sullivan* 48 Mich. 5.

It further appears that there had been no partnership accounting or settlement between the partners, or between either of them and the firm; that the books of the firm, at the time this suit was brought, show different amounts to the credit of the several partners; and in the amount credited to the defendant, Eastwood, is the amount of the note in this suit. When, or at whose request, this credit was given, does not appear. Enough, however, is disclosed to show that the plaintiff's claim cannot be investigated in a court of law, and that his redress, if any, is in a court of equity.

These views render the consideration of the other points made by counsel unnecessary.

The judgment of the circuit court must be affirmed with costs.

The other Justices concurred.