| 52 | 389 |
| 58 | 80 |
| 62 | 136 |
| 62 | 520 |
| 52 | 389 |
| 66 | 120 |
| 52 | 389 |
| 92 | 360 |

WARREN D. KINNEY, FRANKLIN B. ADAMS AND JOHN IHLING v. ORRIN ROBISON.

[See 49 Mich. 247.]

*Partnership accounting—Set-off.*

1. One who has sold stock and leased a store to a firm and has then taken a partnership interest in the business can offset the amount

due him on such sale and lease in an action brought against him by the firm, and need not leave it to a partnership accounting already pending.

2. A pending and undetermined chancery proceeding is in itself no bar to an action at law whatever effect a final decree may have.

Error to Van Buren.   (Mills, J.)   Jan. 10.—Jan. 15

Assumpsit.   Plaintiffs bring error.   Affirmed.

*Geo. W. Lawton* and *Crane & Breck* for appellants.

*Lester A. Tabor* and *H. F. Severens* for appellee.   Communion of profits and losses is essential to a partnership : *Coope v. Eyre* 1 H. Bl. 49 ; and if the arrangement between the parties is such as to indemnify either against any loss it is merely a contract of loan :   *Adams v. Funk* 53 Ill. 219; *Hawes v. Tillinghast* 1 Gray 289 ; *Freese v. Ideson* 49 Ill. 191 ; *Wall v. Balcom* 9 Gray 92; *Stearns v. Haven* 16 Vt. 87 ; *White v. Fitzgerald* 18 Wis. 480; *Buck v. Dowley* 16 Gray 555 ; *Ward v. Brigham* 127 Mass. 24 ; *Beckwith v. Talbot* 2 Col. 639 ; where two or more engage in business, having no mutual interest in the capital invested, and no stipulation for mutual loss, they have been held not to be co-partners though there be an agreement to share profits. *Vanderburgh v. Hull* 20 Wend. 70 ; *Pattison v. Blanchard* 5 N. Y. 186; *Fitch v. Hall* 25 Barb. 13 ; *Cummings v. Mills* 1 Daly 520; *Lowry v. Brooks* 2 McCord 421 ; 3 Kent's Com. (5th ed.) 23 ; *Champion v. Bostwick* 18 Wend. 175; *Green v. Beesley* 2 Bing. N. C. 108; *Hawkins v. McIntyre* 45 Vt. 496 ; *Johnson v. Miller* 16 Ohio 431 ; *McArthur v. Ladd* 5 Ohio 514; *Robinson v. Bullock* 58 Ala. 618; *Musser v. Brink* 68 Mo. 242 ; *Ruddick v. Otis* 33 Ia. 402; *Mason v. Potter* 26 Vt. 722 ; *Tobias v. Blin* 21 Vt. 544 ; *McCauley v. Cleveland* 21 Mo. 438 ; *Denny v. Cabot* 6 Met. 82 ; *Hitchings v. Ellis* 12 Gray 449; *Braley v. Goddard* 49 Maine 115 ; *Lintner v. Millikin* 47 Ill. 178 ; *Emmons v. Westfield* 97 Mass 230 ; *Gallop v. Newman* 7 Pick. 282 ; *Richardson v. Hughitt* 76 N. Y. 55 ; where an obligation between partners relates to the partnership business

but is distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts, one partner can maintain an action at law on it against his co-partner. *Carter v. Bininger* 45 N. Y. 545; *Worrall v. Grayson* 1 M. & W. 166; *Van Ness v. Forest* 8 Cr. 30; *Gridley v. Dole* 4 N. Y. 486; and this is so if the money recovered will not belong to the firm: *Howard v. France* 43 N. Y. 593; *Currier v. Rowe* 46 N. H. 72; see *Whitehill v. Shickle* 43 Mo. 538; *Bailey v. Starke* 6 Ark. 191; *Wells v. Carpenter* 65 Ill. 447; *Dunham v. Gillis* 8 Mass. 462; *Neil v. Greenleaf* 26 Ohio St. 567; *Grigsby v. Nance* 3 Ala. 347; *Scott v. Campbell* 30 Ala. 728; if one co-partner contribute funds which it was the duty of another co-partner to furnish, in furtherance of a partnership enterprise, such funds thus contributed may be recovered in an action of assumpsit, without waiting for a final adjustment of the business of the co-partnership. *Wright v. Eastman* 44 Maine 220; when partners agree to put into the firm a specified amount either may sue the other at law for a breach of the agreement. *Truitt v. Baird* 12 Kan. 420; so, if there has been a breach of an express stipulation between them an action for damages will lie unless the breach, or the stipulation itself, or both, involve the whole partnership business and accounts, and the damages can be determined only by first settling those accounts. *Capen v. Barrows* 1 Gray 376; one partner may sue his co-partner for money advanced, if the transaction be single, not involving the rights of creditors or an adjustment of partnership accounts. *Russell v. Grimes* 46 Mo. 410; *Finlay v. Stewart* 56 Penn. St. 183; *Wills v. Simmonds* 51 How. (N. Y.) Pr. 48; *Smith v. Barrow* 2 Term 476; *Coffee v. Brian* 10 J. B. Moore 341; *Cross v. Cheshire* 6 Eng. L. & Eq. 571; and suit lies on the covenants in the articles of co-partnership for payment, advances or other acts for setting the partnership into operation even if accounts between the partners that are subsequent to the partnership require to be investigated and adjusted in a court of equity. *Venning v. Leckie* 13 East 7; *Glover v. Tuck* 24 Wend. 153;

*Williams v. Henshaw* 11 Pick. 81; *Ellison v. Chapman* 7 Blackf. 224; *Want v. Reece* 1 Bing. 18; *Hatcher v. Seaton* 2 M. & W. 47; *Hall v. Stewart* 12 Penn. St. 213; *Hayes v. Flowers* 25 Miss. 169; *Ridgway v. Grant* 17 Ill. 117; *Wadsworth v. Manning* 4 Md. 70; Pars. on Partnership 275.

CAMPBELL, J. Plaintiffs being a firm known as Kinney, Adams & Co., sued defendant for items of an account verified under the statute. Defendant put in a plea accompanied by a sworn statement of set-off in a larger amount. Defendant recovered judgment for a balance, and plaintiffs bring error.

Objection is made that there was no regular notice of set-off. This objection has no force. The set-off was not only claimed, but sworn to. By stipulation the correctness of both sides of the account was admitted, but the question of the admissibility of the set-off was left open.

It is claimed that it could not be received, because it formed a part of unsettled partnership dealings. The plaintiffs in their firm capacity had formerly entered into an arrangement with defendant to carry on business on terms which, it is claimed, created a partnership. The items of set-off consisted of the purchase price of half of defendant's stock, which plaintiffs bought of him and put in as capital. Also of rent which they agreed to pay defendant for premises used in the business. By the agreement under which their respective rights arose defendant leased to plaintiffs, by their firm name, an undivided half of the premises and fixtures and appurtenances for two years at $250 for the first year and $300 for the second year, payable at the end of each year. They were also to buy one-half of his stock at cost, and at the end of two years defendant was to buy at cost their half of stock then to be on hand. There were further articles as to partnership rights and duties.

Plaintiffs claim that their obligation to pay defendant for the interest sold and leased was part of the partnership business, and payment to be made by partnership settle-

ment. This is not the true view of the arrangement. Before they could put in any of this property as their own capital they must buy it, and until sold to them it was on no different footing than if owned by a third person. It was defendant's separate property, and they could only get it by purchase. It could only be theirs to put in after they had bought it. The agreements to buy this stock and to pay the rent were separate transactions, preliminary to and independent of any of the partnership business.

If thus separate they might be prosecuted for like any other individual liability, and formed no necessary part of the partnership accounting. It could therefore make no difference if it were true, which is at least very doubtful, that in a chancery cause for such an accounting reference may have been made to them in the pleadings or testimony. A pending and undetermined chancery proceeding is no bar or obstacle in itself to a legal action, whatever may be the force of a final decree.

It is claimed further that the court below prevented plaintiffs from showing payment of the defendant's claim. We find nothing in the record to indicate such a ruling. Some questions of an ambiguous character were ruled out on the ground that they involved an attempt to prove a parol agreement to vary a written one. Plaintiffs took no steps to correct this view of their proposition, and the court ruled correctly on the hypothesis thus tacitly accepted. No questions were asked calling for proof of actual payment beyond this.

There is no error in the record.

The judgment must be affirmed with costs.

The other Justices concurred.