THOMAS H. McGOWAN v. FRANK J. LAMB ET AL.

*Pleading—Notice of set-off—Evidence—Affidavit of amount due—Service upon opposite party—Waiver—Notice of hearing—Certiorari.*

1. In this case, the judgment being affirmed by an equal division of the Court, *nothing* is decided, *except* that under How. Stat. § 7525, the service on plaintiff or his attorney of a copy of defendant's plea and notice of set-off, with copy of account and of affidavit of amount due, is a condition precedent to the acceptance of such affidavit as *prima facie* evidence of said set-off, and of plaintiff's liability thereon.

2. MORSE, J., filed an *affirmative* opinion, concurred in by CAMPBELL, C. J., holding:

  *a*—An averment in an affidavit that "the annexed account is just, due, and unpaid" is equivalent to averring that said account is "justly owing and due."

  *b*—On *certiorari* from a justice's judgment of discontinuance, the circuit court cannot render judgment for a balance due defendant, as per notice of set-off, as shown by affidavit filed under How. Stat. § 7525, unless the record shows due service of such affidavit and accompanying papers on the plaintiff or his attorney.

  *c*—Procuring an adjournment after the filing of a plea and notice of set-off, with an account of same and an affidavit of amount due thereon, all in the presence of plaintiff's attorneys, is a waiver by them of the statutory service of said papers.

3. CHAMPLIN, J., filed an opinion, concurred in by SHERWOOD, J., favoring a *reversal*, and holding:

  *a*—In this State suit must be commenced in the proper names of the parties, and, in case of a copartnership, in the individual names of the copartners, except as provided by How. Stat. § 6872, which requires such individual names to be inserted before the p'eadings are closed.

  *b*—Service of notice of hearing in a case removed from justice's court by *certiorari* in which the plaintiffs were described as "F. J. Lamb & Co.," but the notice described them as "Frank J. Lamb & Co.," is insufficient.

  *c*—On failure of a plaintiff to appear in justice's court after issue joined and notice of set-off filed, it is error to render judgment of discontinuance, if true proof of such set-off has been

made under the statute by affidavit duly served, or if defendant offers to make such proof by other evidence.

*d*—Such a judgment is not properly reviewable on *certiorari*, nor can the defendant in this way deprive plaintiff of an opportunity to file an affidavit denying defendant's set-off, if duly proved under the statute.

*e*—On the facts stated in the opinion, the adjournment of the case by the plaintiff was not a waiver of service of defendant's plea and notice and accompanying papers, as required by said statute.

Error to Kent. (Montgomery, J.) Argued June 14, 1887. Decided July 7, 1887.

Assumpsit. Plaintiff brings error. Affirmed by an equal division of the Court. The facts are stated in the opinions.

*Boltwood & Boltwood (Fletcher & Wanty,* of counsel), for appellant and defendant in *certiorari.*

*Frank A. Rodgers,* for defendants and plaintiffs in *certiorari.*

MORSE, J. The defendant in error is a commission merchant doing business in Pittsburgh, Pennsylvania, and residing there. Frank J. Lamb & Co. reside and do business in Grand Rapids, in this State.

The controversy in this suit grows out of a car-load of onions shipped by Lamb & Co. to McGowan to sell for them on commission in December, 1885. McGowan disposed of the onions, some 420 bushels, and brought the plaintiffs in debt to the amount of about $46.

On the fifteenth of July, 1886, McGowan commenced suit before Justice Westfall at Grand Rapids by summons for this balance. Attached to this summons was an account, and an affidavit verifying said account, as provided by How. Stat. § 7525. Said summons and a copy of the account and affidavit were duly served upon Lamb & Co.

Upon the return-day the parties appeared, the plaintiff by

attorneys. Plaintiff declared orally upon the common counts in assumpsit, and filed his account, and the affidavit of account, as his bill of particulars. An order was made that plaintiff file security for costs, he being a non-resident. The defendants, Lamb & Co., filed a plea of the general issue and notice of set-off, with an account of said set-off, verified by affidavit as provided by the same statute, which set-off showed a balance in their favor against McGowan of $208.65.

The cause, on motion of McGowan's attorneys, was adjourned about a month. On the adjourned day the plaintiff or his attorneys did not appear. After waiting one hour for his appearance, the defendants moved the court to vacate the order for filing security for costs, which was denied. They then offered to file security, and asked judgment in their favor for the amount of balance due them as shown by their account filed in set-off of plaintiff's claim. This was denied by the justice, who dismissed the cause, and taxed the costs at three dollars against the plaintiff.

The defendants took out a writ of *certiorari* to the circuit court for the county of Kent. Upon due notice the *certiorari* was brought on for hearing in that court, and the judgment of discontinuance entered by the justice was reversed and annulled, and a judgment rendered in the circuit court in favor of Lamb & Co. against McGowan of $213.52, being the amount of said set-off and interest. McGowan brings error to this Court.

In the account filed as a set-off, McGowan was given credit for more than he claimed in his account; both accounts growing, as before said, out of the same transaction. And, if the defendants in justice's court complied with the statute before referred to, the circuit court was authorized to render the judgment it did, as such set-off would be *prima facie* evidence of the indebtedness, if properly filed, sworn to, and served under the law.

It is claimed by McGowan's counsel that the affivavit of

Lamb attached to said account of set-off is not in compliance with the statute, in that it fails to show the amount or balance claimed by Lamb & Co. upon their account, and that such balance was justly owing and due to them, as it should do under the law.    But the balance due, $208.65, is plainly and distinctly stated in the account filed, and Lamb deposes, in the affidavit annexed to such account, that it is correctly made out from the books of F. J. Lamb & Co., and that said "annexed account is just, due, and unpaid." This is a substantial compliance with the statute.    If it is justly due and unpaid, it must necessarily be "justly owing and due," which is the language of the statute.

It is also argued that the account and affidavit were never served upon the plaintiff, McGowan, or his attorneys.    The statute not only prescribes that a copy of the account and the affidavit shall be annexed to the plea and notice, but a copy shall also be served upon the plaintiff or his attorney, in order to make such account *prima facie* evidence of the indebtedness claimed in set-off.    The record in justice's court and the record before us fail to show any such service.

It is insisted by the attorney for Lamb & Co. that it is not customary or essential to serve papers, such as a plea or notice, in justice's court, if they are filed in open court while the parties are present; that the attorneys of McGowan were present when this account and affidavit were filed, and made no objection of want of service at the time, but, after the same were filed, moved for and obtained an adjournment in their client's behalf.

He also argues that, the return failing to show affirmatively that no service was made, it must be presumed, as the case now stands, that a copy was served; that it is incumbent upon McGowan, who is seeking a reversal here, to show affirmatively that no service was made, as all legal intendments are in favor of the validity of the judgment rendered, and against error in the proceedings.

This last argument cannot be successfully maintained.    In order to overthrow the judgment of the justice, and render judgment for the defendants, Lamb & Co., it was necessary for the court to find from the record in *certiorari* before him that such service, or its equivalent, had been made, or that such service had been waived by the plaintiff.    There was no showing of service in such record, and there could be in the c rcuit court no presumption that it had been made.

But I am inclined to think that the service of a copy upon the plaintiff or his attorney was waived by the action of plaintiff's counsel in justice's court.    The object of service could only be for the purposes of notice.    That notice the attorneys had, being present when it was filed.    The account and affidavit could not be served upon McGowan, as he was a non-resident and appeared by attorneys.    Without requiring a copy, or making any objection to the account because such copy had not been served, the plaintiff's (McGowan's) attorneys treated the suit as at issue, and procured an adjournment.    Taking into account the practice in justice's court, which does not require the service of papers filed with the court in most cases, it must be considered that the attorneys for plaintiff were satisfied with the notice they received by the filing of the account and affidavit of set-off, and waived a literal compliance with the statute in that respect.

The objections to the names of parties in the process, pleadings, and judgment, pointed out by my Brother CHAMPLIN, are not assigned or complained of by defendant in error, McGowan, and I do not feel disposed to reverse a judgment for defects in the name of parties occasioned by the pleading of the appealing party.

The judgment of the circuit court is affirmed, with costs.

CAMPBELL, C. J., concurred with MORSE, J.

CHAMPLIN, J.    On July 15, 1886, Thomas H. McGowan,

who was a non-resident of the county of Kent, commenced a suit by summons before a justice of the peace of the city of Grand Rapids, in Kent county. The summons issued, commanded the constable—

"To summon F. J. Lamb & Co. (individual names unknown) to appear before" the justice " on the twenty-sixth day of July, 1886, at 9 o'clock A. M., then and there to answer to Thomas H. McGowan in a plea of assumpsit, to his damage three hundred dollars or under."

This summons was returned on or before the return-day, with a return thereon indorsed by the constable that he had served it personally on F. J. Lamb & Co. by giving a copy to F. J. Lamb, one of the members of said company, and at the same time he delivered to F. J. Lamb, one of the members of F. J. Lamb & Co., a copy of the account and affidavit annexed to said summons, on the fifteenth day of July, 1886.

On the return-day the parties appeared, the plaintiff by his attorneys, and the defendant personally and by his attorney. The plaintiff declared orally upon the common counts in assumpsit, and filed affidavit of account, and account, as bill of particulars. An order was thereupon made that plaintiff file security for costs, he being a non-resident of the county and State. The defendant then filed a plea and notice and affidavit of account in writing. The cause was then adjourned, on motion of plaintiff, to August 18, 1886, at 9 A. M., with order that security for costs be filed on or before the adjourned day. The above facts are stated from the return of the justice of the peace to the writ of *certiorari* issued to him as stated below.

The statute (section 6872) provides that in all cases where a suit is commenced for or against a copartnership, and the names of all the several partners are not known, such suit may be commenced in the partnership name of the plaintiffs or defendants, and the plaintiffs or defendants shall have the

right, at any time before the pleadings are closed, to amend the same by inserting the names of the parties composing such partnership. In this case no amendment was made, and the names of the several partners composing the firm of F. J. Lamb & Co. were not inserted before the pleadings were closed, nor at any time after.

In this State the common-law rule is followed that suits must be commenced in the proper names of the parties; and, in case of a copartnership, it must be in the individual names of the copartners, and not in the firm name alone. *Smith v. Canfield*, 8 Mich. 493. The only exception is that authorized by the statute above quoted, and that only permits it to be commenced in the firm name, but is particular to require the individual names to be inserted before the proceedings are closed. This becomes important when we come to consider the further proceedings had in the case on the part of the defendant.

The plea of the justice further sets forth that on the day to which the cause stood adjourned, the plaintiff was not present, and, after holding open court one hour, and plaintiff not appearing, the defendant then moved to vacate the order for filing security for costs, and also offered to file security for costs, and asked judgment for defendant against plaintiff for $208.65, as set forth in plea and affidavit of account on file in said cause, and also objected to said cause being dismissed from court; all of which were denied by the justice, who thereupon dismissed said cause from court, on the ground that the plaintiff did not appear and comply with the order of the court to file security, and he entered judgment against the plaintiff for costs, taxed at three dollars.

The plea and notice and the affidavit and account filed by defendant with the justice were in the words and figures following:

"GRAND RAPIDS, MICH., July 24, 1886.

"*Mr. Thomas H. McGowan,*

In Acct. with F. J. LAMB & Co.,

Wholesale dealers in

Fruits, Vegetables, Butter, Eggs, Cheese, etc.,

8 and 10 Ionia Street:

| 1885. | | | | |
|---|---|---|---|---|
| Dec. 30. | To 1 Car Onions, 420 bush., 70, | 294 00 | | |
| | | | | 294 00 |
| | By Freight, | 46 20 | | |
| | " Com., 10 per cent., | 29 80 | | |
| | " Cartage, | 9 35 | | |
| | | | | 85 35 |
| | Bal. our due, | | | $208 65 |

"STATE OF MICHIGAN, ⎫ *ss.*
County of Kent, ⎭

"In justice's court, before William O. Westfall, one of the justices of the peace in and for the County of Kent.

"THOMAS H. McGOWAN, ⎫
        Plaintiff, ⎬
    vs. ⎬
F. J. LAMB & Co. (indi- ⎬
  vidual names unknown). ⎭

"And now come the above-named defendants, and demand a trial of the matters and things set forth in plaintiff's declaration.

                      F. J. LAMB & Co.

"*To the Above-Named Plaintiff:* Take notice that the said defendants will on the trial of this cause give in evidence and insist that before and at the time of the commencement of this suit, to-wit, on the fifteenth day of July, 1886, he, the said plaintiff, was and still is indebted to the said defendants in the sum of three hundred dollars for divers goods, wares, and merchandise before then bargained and sold and delivered by said defendants to the said plaintiff, and for moneys before then paid out and expended by the said defendants to and for the use of said plaintiff, all at his request; which several claims the said defendants will set off against any claim or claims to be proved by him, said plaintiff, on said trial.

"(Under general issue.)

  "Yours, etc.,                   F. J. LAMB & Co.

"*County of Kent—ss.*: Frank J. Lamb, being duly sworn, deposes and says that he is the above-named F. J. Lamb, and that the foregoing and annexed account is correctly made out from the books of the original entry of the said F. J. Lamb & Co.; that said goods for which the charges were made, were delivered by said F. J. Lamb & Co. to the said Thomas H. McGowan; that the charges are correct, and the account just and true, as stated, to the best of deponent's knowledge and belief; that the demand of said F. J. Lamb & Co., hereto attached, against said Thomas H. McGowan, as shown by the annexed account, is just, due, and unpaid, and a just and legal set-off in this cause; and that said defendants are justly entitled to have said account set off against any claim or claims the said plaintiff may prove in this cause, and the balance certified in favor of said F. J. Lamb & Co.; and that there is now due the said F. J. Lamb & Co. from the said Thomas H. McGowan the sum of two hundred and eight 65-100 dollars upon said open account, as near as the defendant can estimate the same, and that said account draws interest at the rate of 7 per cent.; and further deponent saith not.

"F. J. LAMB.

"Subscribed and sworn to before me this twenty-fourth day of July, 1886.

"Everett D. Comstock,
"Notary Public, Kent Co., Mich."

It will be noticed that defendant entitles his plea in the name of "*Thomas H. McGowan, Plaintiff, v. F. J. Lamb & Co. (Individual Names Unknown),*" and says that the *defendants* demand trial, etc.; thus showing conclusively that there is more than one member of the firm of F. J. Lamb & Co. The notice also speaks of the indebtedness of McGowan to the defendants.

When the defendants were summoned as a firm, and put in a notice of set-off, and asked a judgment therefor, as to such set-off, they became *actors,* and it devolved upon them to put the names of the individuals composing the firm of F. J. Lamb & Co. into the pleadings, and upon the record, as parties to the suit. But, instead of this, they have, as it appears, studiously withheld the names of the members of

their firm, and prosecuted the case with this infirmity, and have obtained a judgment without there being a substantial party defendant upon the record.

After the judgment of discontinuance was entered, Frank J. Lamb made and filed an affidavit for a writ of *certiorari* to the circuit court for the county of Kent, in which he deposes that he makes the affidavit in behalf of F. J. Lamb & Co., and sets out the proceedings had before the justice, and alleged that the judgment was erroneous, for the following reasons:

"1. That said justice erred in not allowing the defendant to waive the order for filing security for costs.

"2. Said justice erred in not allowing defendant to file security for costs.

"3. Said justice erred in not rendering judgment for the defendants in the sum as found by their proof of set-off on file.

"4. Said justice erred in dismissing and discontinuing said cause."

The writ of *certiorari* was issued, and the cause removed to the circuit court, where the attorneys for F. J. Lamb & Co. did not enter their appearance, neither was an appearance entered on behalf of McGowan. A substituted service was made for hearing by mailing a notice addressed to Thomas H. McGowan, 179 Liberty street, Pittsburgh, Pennsylvania, and posting a copy in a conspicuous place in the clerk's office; and it appears from the record, and proof made of such notice of hearing, that the same was a nullity, for the reason that the notices of hearing were entitled in a different suit than that which was removed by the writ of *certiorari;* namely, in a suit in which Frank J. Lamb & Co. was plaintiff in error against Thomas H. McGowan, defendant in error. Upon proof of such substituted service in a cause so entitled, the circuit court proceeded to hear the case, and reversed the judgment, and rendered a judgment in favor of Frank J. Lamb & Co. and against Thomas H. McGowan for $213.52 and costs. The case is brought here by writ of error.

Had the case been properly noticed for hearing, the circuit court would have been authorized to reverse the judgment of the court below, on the ground that the judgment of discontinuance was improperly entered by the justice after a plea of set-off had been interposed. But this is as far as he could go. There was nothing in the record which authorized the circuit judge to enter a judgment against McGowan, in favor of F. J. Lamb & Co., for the reason that there was no proof of the account before the justice.

It is claimed that the account was proved under the provisions of section 7525, How. Stat. No one can be allowed to make proof *ex parte* by affidavit without complying with the statute. That statute provides as follows:

"If the defendant in any action shall give notice with his plea of a set-off founded upon an open account, or upon an account stated, and shall annex to such plea and notice a copy of such account, and an affidavit made by himself, or by some one in his behalf, showing the amount or balance claimed by the defendant upon such account, and that such amount or balance is justly owing and due to the defendant, or that he is justly entitled to have such account, or said balance thereof, set off against the claim made by plaintiff, and shall serve a copy of such account and affidavit, with a copy of such plea and notice, upon the plaintiff or his attorney, such affidavit shall be deemed *prima facie* evidence of such set-off, and of the plaintiff's liability thereon, unless the plaintiff, or some one in his behalf, shall [in cases before justices], before trial, make an affidavit denying such account, or some part thereof, and the plaintiff's indebtedness or liability thereon, and serve a copy thereof upon the defendant or his attorney."

Unless the requirements of the statute are complied with, the affidavit is not *prima facie* evidence of such set-off, nor of the plaintiff's liability thereon. The record in this case shows that the statute was not complied with. No copy of said account and affidavit, with a copy of said plea and notice, was served upon the plaintiff or his attorney. This is essential, and a condition precedent to the affidavit being deemed *prima facie* evidence. It is not sufficient to file such

account, affidavit, plea, and notice with the justice. The statute does not require the account or affidavit to be filed with the justice. When served as required by the statute, the original becomes evidence in the hands of the defendant, which he may retain until the trial, and then, upon proof of service as required, such *prima facie* evidence may be introduced upon the trial before the justice. *Gordon v. Sibley,* 59 Mich. 250.

In this case there was no evidence of any service of a copy of the account, affidavit, plea, and notice upon plaintiff or his attorney, and consequently there was no evidence to support the off-set pleaded before the justice, and for the same reason the circuit court erred in rendering judgment in favor of defendant for the balance stated in the affidavit. The judgment so rendered was without any evidence to support it, and was wholly unauthorized. A judgment rendered without any legal evidence to support it is a judgment rendered by mere caprice, and without any standard of justice. It was simply a penalty visited upon the plaintiff for no other fault than commencing a suit, and failing to prosecute it, without any other reason, so far as it appears from this record, than that he was unable to give security for costs; and the judgment, being without evidence, may as well have been rendered for a thousand dollars as for the sum it was. It would have been just as commendable, and just as much entitled to affirmance.

The remedy by *certiorari* was inappropriate if defendant desired to obtain a judgment under his plea of off-set. He should have appealed, when he could have introduced evidence, and had the case determined upon the merits. If his service had been good, and in compliance with the statute, the plaintiff had a right to file an affidavit denying defendant's account, or some part thereof, at any time before trial. The defendant cannot deprive him of this right by removing the case to the circuit court by *certiorari* so that no trial can

be had. In this case, plaintiff has never had an opportunity of interposing such denial; and, while defendant has rendered it impossible for him to do so, the circuit judge has deemed the affidavit filed by the defendant with the justice as *prima facie* evidence of plaintiff's liability, and rendered a judgment against him. To hold that this may be done under the statute, and against its express terms, would be to sanction a trap for the unwary or perhaps unfortunate plaintiff who finds himself unable to file security for costs, and to deprive him of a valuable right which the statute says he may exercise at any time before trial. In this case there never has been a trial; for, as soon as judgment of discontinuance was entered against plaintiff, defendant prevented a trial by removing the record into the circuit court by *certiorari*.

It is claimed that the plaintiff waived the service of the account, affidavit, etc., because he was present in court when they were filed, and on his motion an adjournment was had until August 18, in order that security for costs might be filed on or before the adjourned day. But this action of plaintiff does not contain the first element of a waiver. He did nothing to mislead the defendant. He did not accept service, or say anything to indicate that he waived it.

The adjournment asked for was not inconsistent with his right to be served with the account, affidavit, etc., or to his raising the objection at the adjourned day, had he succeeded in filing security, and had defendant offered the affidavit, etc., in evidence upon the trial. The defendant was making evidence for himself. He was bound to know the law, and he could not make evidence for himself without complying with its terms. It is unreasonable to suppose that plaintiff intended to waive a compliance, and thereby admit his liability to defend for the amount claimed in the affidavit. The defendant in his affidavit for *certiorari* makes no such

claim as a waiver by plaintiff of service; and to hold that plaintiff did waive service would be to establish a bad precedent in order to uphold a void judgment rendered in a cause in which the plaintiff in *certiorari* is not the plaintiff named in the writ, and in a case where this Court has held that a firm cannot be a party. *Smith v. Canfield,* 8 Mich. 493.

I think the judgment of the circuit court should be reversed with costs.

SHERWOOD, J., concurred with CHAMPLIN, J.