GEORGE W. COOK v. CHARLES C. CANNY.

*Partnership—Action at law—Instructions—Error without prejudice.*

1. A partner can maintain an action at law upon the agreement of his copartner, contained in the articles of partnership, to pay

a certain sum for an interest in a patent which is to form the basis of their subsequent partnership relations and dealings.

2. The giving of an erroneous instruction to the jury, which is rendered unimportant by their finding upon a special question of fact, is error without prejudice.

Error to Wayne. (Reilly, J.) Submitted on briefs June 9, 1893. Decided July 25, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. W. Donovan,* for appellant, contended:

1. One partner cannot sue a copartner in an action at law about a matter involved in the unsettled copartnership business. This is the rule laid down by Lindley, Collyer, Parsons, and other standard authors, and followed in 17 Amer. & Eng. Enc. Law, 1254. See, also, *Hills v. Bailey,* 27 Vt. 548; *Smith v. Small,* 54 Barb. 223; *Miner v. Lorman,* 56 Mich. 214; *Vance v. Blair,* 18 Ohio, 532.

*Frank T. Lodge,* for plaintiff.

GRANT, J. On September 5, 1888, plaintiff filed an application for letters patent of the United States for improvements in underground conduits for electrical conductors. October 12, 1888, plaintiff and defendant entered into written articles of agreement for a partnership, by which the plaintiff agreed to assign to defendant an undivided one-third interest in the invention, and the patent which might be obtained therefor, in consideration of $1,000, which the defendant agreed to pay as follows: $300 in cash as soon as notice was received of the allowance of the patent; a monthly payment of $30 per month for eight months from the date of allowance; and $460 on the first day of September, 1889, if said conduit should be a practical success, and should perform the duties specified and required for such work. The agreement further provided for carrying on the business after the allowance of

the letters patent, and defined the duties of each partner. These provisions are not necessary to a determination of the case. The letters were issued, and the assignment duly made to the defendant. Plaintiff admitted payments of $303.75. The defendant claimed to have paid $464. Plaintiff gave evidence tending to show that the conduit was a practical success. Defendant gave evidence tending to show the contrary, and that the contract was abandoned by mutual consent. The court instructed the jury that, if the conduit was not a practical success, or if the contract was abandoned by mutual consent, the plaintiff could not recover. At the request of the defendant the following special question was presented to the jury, viz.: Do you find that the conduit was a practical success? Which question the jury answered in the affirmative.

Verdict and judgment for the plaintiff for $840.95.

1. It is first insisted by defendant that a suit at law cannot be maintained on account of the partnership relations. The sum sued for does not grow out of transactions subsequent to the formation of the partnership. It is an independent consideration, which defendant agreed to pay the plaintiff for an interest in the letters patent which were to form the basis of their subsequent partnership relations and dealings. The sum which the defendant agreed to pay was to launch the enterprise in its very inception. This case, therefore, forms one of the exceptions to the rule that one partner cannot maintain an action at law against his copartner for work done or money expended in the partnership. An agreement to pay money or to furnish stock for the purpose of launching the partnership is an individual engagement of each partner to the other, and the defaulting partner may be sued in an action at law upon his agreement. It is entirely separate and distinct from the partnership accounts, and this forms the true test in determining whether an action at law will lie by

one partner against his copartner. 1 Story, Eq. Jur. § 665; *Brown v. Tapscott,* 6 Mees. & W. 119; *Van Ness v. Forrest,* 8 Cranch, 30; *Currier v. Rowe,* 46 N. H. 72; *Neil v. Greenleaf,* 26 Ohio St. 570; *Howard v. France,* 43 N. Y. 593; *Crater v. Bininger,* 45 Id. 545; Lindley, Partn. 1024.

2. The court instructed the jury that under the contract defendant was obligated to pay the $30 dollars per month, irrespective of the question whether the conduit was a practical success. In view of the fact that the jury found that it was a practical success, it becomes unimportant to determine this question. If the instruction was error, it was error without prejudice.

Judgment affirmed.

The other Justices concurred.