## KALAMAZOO TRUST CO. v. MERRILL.

1. PARTNERSHIP—ACTIONS—PARTIES—JOINT OBLIGATIONS—ACTION AGAINST MEMBER OF FIRM.

A partnership may not bring an action at law against one of its members, who would be both plaintiff and defendant in the same cause.

2. SAME — JOINT OBLIGATIONS WITH THIRD PARTIES — ACTIONS — EQUITY.

An obligor, who is liable jointly and severally on a note, cannot be held in an action at law by one of the parties jointly liable with him until such co-obligor has paid the note or more than his proportion thereof; and then, only for contribution.

3. SAME.

A copartnership, three of whose members are liable as makers or indorsers on a promissory note, and thereby disabled from bringing an action against a third person who is jointly and severally liable as their co-obligor, may not maintain an action against him on the obligation, and is limited to a suit in equity.

4. SAME.

The right of such defendant is not in the nature of a set-off or

contribution, but consists of a right to the adjustment of equities existing against those holders who are equally liable with himself.

5. SAME—TRUSTEE IN BANKRUPTCY—PARTIES.

The trustee in bankruptcy of a copartnership cannot bring such action if it might not be maintained by the bankrupt.

Error to Calhoun; North, J. Submitted January 12, 1910. (Docket No. 42.) Decided February 3, 1910.

Assumpsit by the Kalamazoo Trust Company, trustee in bankruptcy, against David L. Merrill on certain promissory notes. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed, and no new trial ordered.

*Stewart & Jacobs* and *Dallas Boudeman,* for appellant.

*A. M. & C. H. Stearns* and *Arthur B. Williams,* for appellee.

Gilkey, Bowman, Wilson, Dewey, Whitney and Stratton, were equal copartners, engaged in the banking business under the firm name of Union Bank, Whitney, Gilkey & Co. Gilkey, Bowman, and Wilson, together with defendant and several others, signed, either as makers or guarantors, promissory notes to the amount of $83,200. Gilkey signed with defendant, either as maker or guarantor, $83,000 of these notes. Bowman signed with defendant, either as maker or guarantor, $28,000 of these notes, and Wilson signed with the defendant, either as maker or guarantor, $22,000 of these notes. The notes all ran to Rell S. Wilson, cashier of the copartnership bank. As to $83,000 of the $83,200 worth of notes, the liability of Gilkey was the same as that of the defendant. Upon $28,000 worth of them Bowman was likewise equally liable. And upon $22,000 worth of them Wilson was likewise equally liable. These notes were discounted by the copartnership bank, and the money was used in connection with the

business of two corporations, in each of which Gilkey, Bowman, Wilson, and defendant were stockholders. Wilson, besides being cashier of the bank, was manager of one of these corporations and treasurer of the other. No payments have been made on the notes by any person liable thereon. Defendant offered to show that he had paid $20,000 worth of other notes upon which Gilkey, Bowman, and Wilson were liable, which notes were given in connection with the same enterprises as those above mentioned were given. This proof was excluded. In November, 1907, the partnership bank was adjudicated a bankrupt, and each of the six partners was likewise so adjudicated. The plaintiff in this case was appointed and duly qualified as trustee, not only of the estate property and assets of the copartnership, but likewise of the property of each of the six partners. Plaintiff brought suit in assumpsit upon the notes against the defendant.

Under the plea of the general issue defendant gave notice of special defense in substance as follows:

"(1) That Patrick H. Gilkey, Elias W. Bowman, and Rell S. Wilson, three of the six men forming the copartnership, Union Bank, Whitney, Gilkey & Co., are joint makers and guarantors with the defendant on all the notes sued upon; that one joint obligor has no right of action against a co-obligor until he has paid the debt, and then his suit would be for contribution; that, neither Mr. Gilkey, Mr. Bowman, or Mr. Wilson having paid the notes, or any of them, they could not sue Mr. Merrill; that Gilkey, Bowman, and Wilson could not collect from the defendant a debt which they themselves owed as well as the defendant; that, Gilkey, Bowman, and Wilson, being barred from bringing suit themselves, they could not do so by joining in the action Wallace W. Dewey, Richard D. Whitney, and Asa Stratton, who are in privity with them; that the trustee in bankruptcy has no greater rights than the copartnership it represents, and could not bring an action which the partnership could not bring; that any proceedings brought either by said copartnership or its representatives on these notes owed by the defendant and three of its copartners should be in a court of equity where the interest of the copartners Wallace W. Dewey, Rich-

ard D. Whitney, and Asa Stratton, who are not obligated on the notes, could be determined, where an accounting between the firm and Patrick H. Gilkey, Elias W. Bowman, and Rell S. Wilson might be had to ascertain whether they owed the partnership, or it owed them, and where the respective rights and interests of the co-obligors might also be adjudicated.

"(2) That the defendant, D. L. Merrill, had paid other notes to the amount of about $20,000, principal and interest, given at the same time, for the same purpose, in connection with the same transactions, and on which these same copartners Patrick H. Gilkey, Elias W. Bowman, and Rell S. Wilson were jointly obligated with the defendant. That the defendant has a legal and equitable set-off against all the notes and guaranties sued upon, they being the notes and guaranties of Patrick H. Gilkey, Elias W. Bowman, and Rell S. Wilson, three of the six members of this copartnership, and that a court of equity is the proper tribunal to sift out and determine the rights and liabilities of all parties at interest.

" (3) That the trustee has in its possession all of the property and assets of Patrick H. Gilkey, Elias W. Bowman, and Rell S. Wilson, which, under the bankruptcy statute, must be first applied to the payment of their individual indebtedness; that, the notes sued upon being the notes of these copartners and a part of their individual indebtedness, the said trustee, as a duty in carrying out his trust, should apply this property on said notes *pro rata* with other individual indebtedness; that if the defendant be compelled to pay these notes, he would have no recourse against the property of Patrick H. Gilkey, Elias W. Bowman, and Rell S. Wilson, as their estate is in the hands of the trustee, and would be distributed among those persons who were creditors of said parties at the time of the filing of their petitions in bankruptcy. For these reasons a court of equity is the proper tribunal.

"(4) That at the time the notes at issue were given it was the understanding and agreement that all parties should sign all notes; that as to all those notes not so signed the defendant is not liable.

"(5) That no steps were taken by either the copartnership, or by any one for or in its behalf, to charge the defendant as either indorser or guarantor, and for this reason he is not liable.

"(6) That the trustee has in its possession a large

amount of collateral, to wit, $90,000, par value of the capital stock of the Price Cereal Food Company, given to secure the payment of the notes known as Price Cereal Food Company notes, for which collateral said trustee should account to this defendant and the other owners thereof, and credit the value of said stock on said notes.

"(7) That the notes were without consideration."

Proof was offered, but excluded, showing that the trustee proved its claim under these notes against Gilkey's individual estate for $95,502.13, and against Bowman's individual estate for $37,194.22. The schedule filed by Gilkey in bankruptcy shows individual assets of his in the hands of the trustee of nearly $50,000. The trustee also has in its possession individual assets of Mr. Bowman and Mr. Wilson to the value of several thousands of dollars. A verdict against defendant was directed by the court, to the amount of $81,789.76. The jury, upon questions of fact submitted by the court, found a further liability, bringing in a total verdict against defendant for $92,923.36. The case is before us upon writ of error.

BROOKE, J. (*after stating the facts*). Two questions are involved in this controversy :

(1) Could the copartnership bank itself have maintained a suit at law upon said notes, it being conceded that three of the six members were jointly liable with the defendant thereon ?

(2) If this is answered in the negative, can the trustee maintain such suit ?

With reference to the first question, we think it may be said to be settled law in this State that a copartnership may not maintain a suit at law against one of its partners, and the reason for the rule is that, inasmuch as *all* the partners have a *joint* interest in the claim, *all* are necessary parties plaintiff, and to permit the action would present the anomaly of a single individual acting as both plaintiff and defendant in the same suit. And it is elementary that in suits at law, by or against a copartnership, all the partners must be named as plaintiffs or de-

fendants, as the case may be. As to both these propositions, the authorities (where, as in this State, the common law obtains) are practically unanimous. 30 Cyc. pp. 561, 567; Mechem on Partnership, §§ 130, 131, 147, 225; George on Partnership, p. 363; *Smith* v. *Canfield*, 8 Mich. 493; *Barber* v. *Smith*, 41 Mich. 138 (1 N. W. 992); *Learned* v. *Ayres*, 41 Mich. 679 (3 N. W. 178); *Davis* v. *Merrill*, 51 Mich. 480 (16 N. W. 864); *Carpenter* v. *Greenop*, 74 Mich. 664 (42 N. W. 276, 4 L. R. A. 241, 16 Am. St. Rep. 662); *McGowan* v. *Lamb*, 66 Mich. 615 (33 N. W. 881); *Grimes* v. *Bowerman*, 92 Mich. 258 (52 N. W. 751); *Reed* v. *Gould*, 105 Mich. 368 (63 N. W. 415, 55 Am. St. Rep. 453); *Stever* v. *Brown*, 119 Mich. 196 (77 N. W. 704). See, also, *Jacaud* v. *French*, 12 East, 317; *Bank of Toronto* v. *Nixon*, 4 Ont. App. 346; *Hoare* v. *Oriental Bank Corp.*, L. R. 2 App. Cas. 589; *In re Wakeham*, L. R. 13 Q. B. Div. 43; *De Mazar* v. *Pybus*, 4 Ves. Jr. 644; *Jones* v. *Blun*, 145 N. Y. 333 (39 N. E. 954); *Strauss* v. *Frederick*, 91 N. C. 121; *Chambers* v. *Sloan*, 19 Ga. 84; *Harris* v. *Visscher*, 57 Ga. 232; *Schreiner* v. *United States*, 6 Ct. Cl. 359; cases cited 15 Enc. Pl. & Prac. p. 839. The cases of *Kinney* v. *Robison*, 52 Mich. 389 (18 N. W. 120), *Mitchell* v. *Wells*, 54 Mich. 127 (19 N. W. 777), *Carpenter* v. *Greenop*, *supra*, and *Cook* v. *Canny*, 96 Mich. 398 (55 N. W. 987), relied upon by appellee, will be found, upon examination, to present exceptions to the rule rather than to afford any modification of it.

But it is urged by plaintiff's counsel that, even conceding this to be the rule, it has no bearing upon the case before us because Merrill, the defendant, was not a member of the copartnership, and therefore no reason exists under the authorities cited why he should not be made defendant in a suit at law wherein all the partners were parties plaintiff. This would be unquestionably true if in fact all six members of the copartnership bank are under no disability which would prevent them from becoming parties plaintiff in a suit at law upon these notes. It will be remembered that Gilkey, Bowman, and Wilson are jointly

and severally liable with the defendant upon the paper. Can these three men, who, as we have shown, are *necessary* parties plaintiff, maintain a suit at law upon the notes against their co-obligor, no one of them having paid the debt secured thereby, or any part thereof ?   We think not. One joint obligor may not sue another joint obligor, upon their common obligation, until he has paid the debt, or a larger portion thereof than, as between himself and his co-obligor, he would be liable to pay.   His action would then be for contribution.   9 Cyc. pp. 798–801, and cases cited; *Tobias* v. *Rogers*, 13 N. Y. 59.   All six being necessary parties, and three being under disability, the suit at law could not be maintained by the copartnership bank.

Let us see what the result would be if the copartnership bank were permitted to maintain a suit at law upon the notes.   For convenience, let us suppose that the notes amount to $100,000, and that Gilkey, Bowman, and Wilson are, with defendant, equally liable upon all of them.   Then the bank would recover a judgment against defendant for $100,000, $75,000 of which it was the duty of Gilkey, Bowman, and Wilson to pay.   And who receives the $100,000 ?   The copartnership bank, one half of which is owned by Gilkey, Bowman, and Wilson.   Therefore these three men, instead of paying $75,000, actually receive $50,000.   Such a result would be manifestly monstrous.

It is not necessary that this defendant should first pay the notes, and then have recourse to a suit for contribution against his co-obligors.   Nor is his claim against them one in the nature of a set-off, as claimed by appellee.   It is his right to have the equities, as between himself and his co-obligors, adjusted in the action upon the instrument, where such instrument is, in part, the property of those equally liable thereon with himself, and this conclusion does no violence to the rights of the copartnership or of the three members thereof, not themselves liable upon the paper.   The copartnership bank, in taking the paper of three of its members, must be presumed to have known

that a suit at law could never be maintained thereon because of the lack of necessary parties plaintiff. This was an infirmity in the paper, apparent upon its face, and one which affected all the partners alike. No honest claim of the partnership, or of either of the partners, will, however, be lost or impaired. In a suit in equity the defendant must respond to the extent to which he is properly liable, but he will not be compelled to pay *to* his co-obligor a sum of money *for which* his co-obligor is liable.

Can the trustee (plaintiff herein) maintain the suit if its bankrupt, the copartnership bank, could not? Collier on Bankruptcy (7th Ed.), p. 810 *e*, states the rule as follows:

" It is well settled that a trustee takes, not as an innocent purchaser, but subject to all valid claims, liens, and equities. Thus he has no better title than the bankrupt had, and is affected with every equity which would affect the bankrupt himself if he were asserting the same rights and interest. A trustee in bankruptcy stands in the shoes of the bankrupt, and has no better title than he, in the absence of fraud, or of attaching or judgment creditors at the time of the filing of the petition. Where a right of action passes to the trustee, any defense, legal or equitable, which might have been raised against the bankrupt's claim may be raised against the trustee."

This rule finds support in the following cases, among others: *Chattanooga Nat. Bank* v. *Rome Iron Co.*, 102 Fed. 755; *Atchison, etc., R. Co.* v. *Hurley*, 153 Fed. 509, 82 C. C. A. 453; *Security Warehousing Co.* v. *Hand*, 206 U. S. 415 (27 Sup. Ct. 720, 19 Am. Bankr. Rep. 201). See, also, Loveland on Bankruptcy (3d Ed.), p. 438.

After issue was joined in this case, but before trial, plaintiff proved its claim upon these notes, against the individual estates of Gilkey and Bowman, to the extent of their several liability thereon. Thereupon defendant filed a plea *puis darrein continuance*, setting up these facts, and at the trial offered proof thereof, which was excluded. The effect of this plea need not be considered here, be-

cause the plaintiff, by reason of the disability pointed out, cannot maintain its action at law.    In a suit in equity the assets in the hands of this plaintiff, belonging to the individual estates of defendant's co-obligors, will be marshaled in accordance with familiar rules.

The judgment is reversed, and no new trial is ordered.

HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.