SWANSON *v.* MENOMINEE ELECTRIC LIGHT, RAILWAY & POWER CO.

1. TRIAL—PLEADINGS—SPECIAL QUESTIONS—HARMLESS ERROR.

A special finding by the jury that a certain wire, with respect to the maintenance of which an electric light company was alleged to have been negligent, was a dead wire, as set forth in the declaration, cures any error in the submission of the case upon the theory that it was immaterial whether the wire in question was a dead or a live one.

2. NEGLIGENCE—EVIDENCE—NOTICE—QUESTION FOR JURY.

The question whether an electric light company could have known, by the exercise of reasonable skill, that attaching a bracket and wire to a brick cornice would subject it to a strain which, by reason of its frail construction, would render it liable to fall and injure pedestrians, was for the jury, upon evidence that the building was brick-veneered, that it had been built 22 years, that the front was cracked, and that it was otherwise in bad condition.

Error to Menominee; Stone, J. Submitted June 10, 1897. Decided July 13, 1897.

Case by Ada C. Swanson, administratrix of the estate of J. Sanfred Swanson, deceased, against the Menominee Electric Light, Railway & Power Company, for negligently causing the death of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff's intestate, while walking along the sidewalk of Main street, in the city of Menominee, was killed by the falling of a brick cornice from a two-story building known as "Nos. 416 and 418," and belonging to one Bertholdt. Plaintiff charges that the accident was due to the negligence of the defendant. The declaration alleges that the defendant "carelessly and negligently maintained and continued to maintain in, along, and across said Main street and the sidewalk a heavy wire reaching from one of its poles to said building at or near the cornice on the front portion of the same, to which it was attached by a bracket or cleat, but not for conducting electricity into the building, and therefrom extending diagonally across said street to a standing post surmounted with a large number of cross-arms and wires strung thereon, to which said standing post said wire was there attached." It is then alleged that the cornice was frail, and liable to break and fall if subjected to a severe or constant strain, and that it was subjected to such strain on account of this wire, which was swayed to and fro by the winds, and by its expansion and contraction, and by the ice and snow collecting upon it. It is unnecessary to state the other averments of the declaration. Plaintiff had verdict and judgment.

*Sawyer & Waite* (*B. J. Brown*, of counsel), for appellant.

*Charles Line* (*H. O. Fairchild*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. It is first urged on behalf of defendant that the declaration counts only upon a dead wire,—that is, one not used for conducting electricity,—and that the court erred in submitting to the jury the question of negligence in placing and maintaining this wire if it was a live one. This question becomes immaterial in view of the special finding of the jury upon a question submitted to them at the request of the defendant. *Question:* "Was this wire that was fastened to the Bertholdt cornice used for the purpose of conducting electricity into the Bertholdt building at the time of this accident?" To this question the jury answered "No." They therefore found it was a dead wire. It follows that, if any error was committed, it was one without prejudice. *Russell* v. *Insurance Co.*, 80 Mich. 407; *Cook* v. *Canny*, 96 Mich. 398.

2. Error is assigned upon the refusal of the court to direct a verdict for the defendant. This contention is based upon the claim that there is no tangible evidence upon the record that the defendant maintained a wire running from the pole in the street near the Bertholdt building to the bracket at or near the cornice. The claim of the defendant was that a wire ran along in front of the buildings to convey the electricity into them, and that no wire extended as claimed by the plaintiff. We think there was testimony to sustain both theories, and that the determination of the question belonged to the jury. There is direct and positive evidence to sustain the plaintiff's allegation in this regard. The ordinance under which defendant was operating provides that it "shall not run its wires over or upon any building within said city except as may be essential for conducting electricity therein for lighting purposes." The attaching of this dead wire was, therefore, in direct violation of the city ordinance. But, aside from the ordinance, it was negligence to attach the wire to the cornice if the danger was apparent.

3. It is urged that there is "no evidence to show that the defendant could, by the exercise of reasonable skill,

have known that there was any danger at the place of the accident." Defendant's employés attached the bracket and wire to this cornice. The building was brick-veneered. It had been built 22 years. The front was cracked. It was otherwise in bad condition. The defendant, through its employés, is chargeable with notice of apparent defects. There was sufficient evidence upon this point to submit the question to the jury.

4. Several errors are assigned upon the admission and rejection of testimony. We find no material error committed, and we do not think the points raised are of sufficient importance to be discussed. The same remark is applicable to the errors assigned to the charge of the court. The case was fairly submitted to the jury under proper instructions.

The judgment is affirmed.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.