JOHN H. STALLMAN et al., Appellants, *v.* AGNES L. KIMBERLY et al., Respondents.

The lien given to a warehouseman, exclusively engaged in that business, by the act of 1885 (Chap. 526, Laws of 1885), on goods deposited or stored with him, is not simply a specific one for charges against them, but is general, securing all sums due the warehouseman, on general accounts against the owner for charges and expenses such as are specified in the act.

Where, therefore, in an action to recover the possession of certain goods stored with defendants, as warehousemen, it appeared that plaintiffs tendered the amount of charges upon said goods, but defendants refused to deliver them except upon payment of a balance due on general account for charges upon other goods, which they had allowed plaintiffs to withdraw without payment of lawful charges thereon, *held*, that the action was not maintainable; and that a direction of a verdict for plaintiffs was error.

Reported below, 53 Hun, 531.

(Argued April 29, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 9, 1889, which directed a judgment in favor of defendants upon a motion for judgment on a verdict in favor of plaintiffs directed, subject to the opinion of the General Term, under section 1185 of Code of Civil Procedure.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Preston Stevenson* for appellants. The language of the act does not require a construction involving such a sweeping change in the law as that asserted by the learned court below.

The lien of a warehouseman, when admitted to exist at common law, or when proved by custom, is specific only, *i. e.,* limited to the particular goods upon which the charges arose. (Jones on Liens, § 967; 11 Kent's Comm. 634, 635; *Steinman* v. *Wilkins,* 7 W. & S. 466; *Schmidt* v. *Blood,* 9 Wend. 268.)  The scope and object of the statute, aside from that of establishing the lien, are to extend the lien to items of charge not before embraced within the protection of the lien.   The subject of lien is defined as the goods on which certain specified charges have accrued, and as extending to all demands against the owner of said goods for such charges, *i. e.,* charges on the particular goods; and (repeating) that the warehouseman may detain said goods until the lien is paid. (Story on Bailments, §§ 62, 370, 382, 421, 442, 444, 453; Jones on Bailments, 46, 47, 49, 85, 91–94, 96, 97; 2 Kent's Comm. 495–497, 634; *Grinnell* v. *Cook,* 3 Hill, 491, 492; *Morgan* v. *Gray,* 4 N. Y. 552; *Beavan* v. *Waters,* 3 C. & P. 520; *Scorf* v. *Morgan,* 4 M. & W. 570; *Jackson* v. *Cummins,* 5 id. 342; *Naylor* v. *Mangles,* 1 Esp. 159; *Shears* v. *Hartly,* 3 id. 81; *Holderness* v. *Collinson,* 7 B. & C. 212; *Rex* v. *Humphrey,* 1 McC. 194; *Platt* v. *Hibberd,* 7 Cow. 502; *Schmidt* v. *Blood,* 9 Wend. 268; 26 id. 476–479; *Steinman* v. *Wilkins,* 7 W. & S. 466; Angell on Carriers, §§ 66, 357, 358; *Scott* v. *Jester,* 13 Ark. 446; *Rivari* v. *Glin,* 3 E. D. Smith, 264; *Trust* v. *Pirsson,* 1 Hilt. 292; *Low* v. *Martin,* 18 Ill. 288; Jones on Liens, §§ 14, 15, 977, 979, 981; Laws of 1860, chap. 254; Laws of 1870, chap. 707; Laws of 1872, chap. 320; Laws of 1875, chap. 405; Laws of 1882, chap. 410, § 801; *Woodruff* v. *Havemeyer,* 106 N. Y. 129; Laws of 1875, chap. 569; *Dresser* v. *Bosanquet,* 4 B. & S. 460; 9 Daly, 403.)   A further object of this legislation is the extension of the warehouseman's specific lien to cover his lawful charges for services not appertaining strictly to his occupation and duty, but which, in common experience, he is often called upon to perform as an incident of his custody of the owner's goods.  (2 Kent's Comm. 634; *Page* v. *Gitner,* 11 Barb. 120; *Walls* v. *Baily,* 49 N. Y. 464; Potter's Dwarris on Stat.

185 ; Sedg. on Stat. Law, 269 ; *Dewey* v. *Goodenough*, 56 Barb. 57, 58.)

*Charles Stewart Davison* for respondents. The lien of a warehouseman in the state of New York to-day is a general, not a particular lien. (Laws of 1885, chap. 526 ; 2 Camp. 579 ; 3 B. & Pul. 494 ; *Waller* v. *Harris*, 20 Wend. 555 ; *Martin* v. *Hunter*, 1 Wheat. 326.) General liens are not against public policy. (*In re Peebles*, 2 Hughes, 397 ; *Burford* v. *Crandall*, 2 Cranch, 86 ; *In re H. M. Co.*, 1 Sawyer, 710 ; *Chamberlain* v. *W. T. Co.*, 44 N. Y. 305.) The presence of other security is immaterial. (*Pierson* v. *Bank*, 3 Cranch. 364 ; *N. Bank* v. *Ladd*, 2 Wheat. 393.) The inclination of the courts of this state has been to extend liens in the interest of justice. (*Morgan* v. *Congan*, 4 N. Y. 552 ; *Sage* v. *Gitner*, 11 Barb. 120.) The appellants' construction of the statute is unauthorized. (Sedg. on Stat. & Const. Law, chap. 7 ; *Notty* v. *Buck*, 8 B. & C. 160–164 ; *King* v. *Burrell*, 12 A. & E. 468 ; *Newell* v. *People*, 3 Seld. 97 ; *Gibbons* v. *Ogden*, 9 Wheat. 188 ; *People* v. *Purdy*, 2 Hill, 31.) No presumption regarding the former rule arises from the passing of the act. (*Nurraly* v. *White*, 3 Metc. 584.)

O'BRIEN, J. The nature and extent of the defendants' lien as warehousemen, exclusively engaged in that business in the city of New York, is the only question involved in this appeal. The plaintiffs are merchants, and in the transaction of their business deposited or stored with the defendants as warehousemen on five different occasions in the year 1887, five distinct parcels of merchandise which belonged to the plaintiffs. Prior to February, 1888, the plaintiffs had withdrawn from the defendants' warehouse certain portions of these goods without paying the lawful charges due to the defendants thereon as warehousemen, and on that day there was due to the defendants for such charges, upon the five parcels above mentioned, the sum of $88.02. The plaintiffs had also on various other occasions stored and deposited with the defendants, in the same way and for the same purpose, other goods,

and had also withdrawn portions of them without paying the charges thereon, which amounted to the sum of $171.46. Prior to the commencement of this action the plaintiffs tendered to the defendants the sum of $88.02, and demanded the portion of the five parcels of the goods first mentioned not withdrawn, but the defendants refused to deliver the same unless the plaintiffs would also pay the balance of defendants' general account against them for storing other goods, namely, the said sum of $171.46. This the plaintiffs declined to do, and brought this action to recover the specific articles of merchandise of the five parcels remaining in the defendants' possession. The defendants claim that they had a general lien, as warehousemen, on these goods, not only for the charges against them, but also for all other charges due generally from the plaintiffs to the defendants, as warehousemen. The trial court directed a verdict in plaintiffs' favor for the recovery of the possession of the property, subject to the opinion of the General Term, where judgment upon the verdict was ordered for the defendants upon the ground that under the recent statute (Chap. 526, Laws of 1885), the defendants had a general lien for the balance due them on general account from the plaintiffs, and were not limited to a specific lien for charges on the five parcels, of which the goods described in the complaint are a part. The statute referred to enacts, that " A warehouseman or person lawfully engaged exclusively in the business of storing goods, wares and merchandise for hire, shall have a lien for his storage charges, for moneys advanced by him for cartage, labor, weighing and coopering paid on goods deposited and stored with him, and such lien shall extend to and include all legal demands for storage and said above described expenses paid which he may have against the owner of said goods, and it shall be lawful for him to detain said goods until such lien is paid." Whether the lien of a warehouseman originated in general commercial usage or local custom is not important to inquire. It is quite certain that it existed at common law. (*Schmidt* v. *Blood,* 9 Wend. 268 ; *Steinman* v. *Wilkins,* 7 W. & S. 466.)

It seems to have been a matter of doubt, however, whether the lien was specific and thus limited to the particular goods upon which the charges arose, or general and attaching to any goods in his possession, as warehouseman, as security for his general balance of account, for such charges or services as a warehouseman usually incurs or performs. (*Rex* v. *Humphery*, 1 McCl. & Y. 194; *Naylor* v. *Mangles*, 1 Esp. 109; *Speirs* v. *Huntley*, 3 id. 81; *Buxton* v. *Baughan*, 6 Car. & P. 674; 3 Parson on Cont. 268.)

Considering the condition of the common law prior to the enactment of the legislation in question, and having regard to the words of the statute itself, we are of the opinion that a warehouseman has a general lien upon the goods in his possession for all his charges.

It follows that the case was well decided in the court below, and that the judgment should be affirmed.

All concur.

Judgment affirmed.