OWEN v. MERONEY.

(Filed November 15, 1904).

PARTNERSHIP—*Actions—Damages—Accounts.*

An action may be brought by one partner against another partner for failure to comply with the articles of agreement.

ACTION by C. M. Owen against P. P. Meroney, heard by *Judge M. H. Justice,* at May Term, 1904, of the Superior Court of ROWAN County.

This was a civil action commenced by plaintiff against defendant to recover damages for defendant's failure to carry out and comply with his part of a contract as a condition precedent to the formation of a partnership. The complaint alleges that in the year 1900 plaintiff was engaged in running and operating a mill in Davidson County, and defendant owned a mill-site in Rowan County known as the St. John Mill property, and defendant realizing that plaintiff was an expert mill-man went to him and made him a proposition that if he would dispose of his mill property in Davidson County and go in with him and operate a mill in Rowan County that he (defendant) as a condition precedent, and an inducement for him to become his partner, would put in a dam and wire ferry across the river, repair the road leading to the mill and furnish all the necessary money, except $1,500, to equip said mill with up-to-date machinery and run it to its capacity, and buy and carry a complete stock of flour, meal, grain, etc. But that after defendant had gotten all of plaintiff's money he refused to comply with or carry out his part of said agreement. That after defendant had failed and refused to comply with his part of said agreement, the milling business they had anticipated doing and operating became a failure and plaintiff's $1,500 he invested therein

became a loss, whereas if defendant had complied with his part of said agreement, as a condition precedent to the formation of the partnership, said milling business would have been a success and plaintiff would not have been damaged. Plaintiff appealed from the judgment rendered.

*R. Lee Wright, Walser & Walser* and *G. W. Garland,* for the plaintiff.

*Overman & Gregory, T. F. Kluttz* and *L. H. Clement,* for the defendant.

CLARK, C. J., after stating the facts. The record states that "the defendant moves to dismiss the action because he says that this is an action at law by one partner against his copartner, as appears upon the face of the pleadings. The Court being of opinion that the action cannot be maintained in this form dismissed the action." The plaintiff appealed. It has been more than a generation since we abolished by constitutional provision (Article IV, sec. 1) "the distinctions between actions at law and suits in equity, and the forms of all such actions and suits," and it is a recurrence to a procedure familiar only to the lawyers of a former generation to hold that an action "cannot be maintained *in this form.*" There are but two grounds now known to dismiss at this stage, *i. e.,* either that the Court has no jurisdiction or that the complaint does not state a cause of action. We give the defendant the benefit of translating the ground of his motion into the latter objection, which is one "of substance and not of form," that an action cannot be maintained by one partner against another for a partial accounting, but he must either sue for a complete settlement and winding up of the partnership matters, or to recover a balance struck and agreed upon between them.

Thus understood, this is a correct statement of the general

rule. 2 Lawson Rights & Remedies, sec. 681, cited by defendant; but it has no application to this case, which comes within the exceptions stated in that section. This is not an action for a partial adjustment and statement of partnership dealings, but it is an action to recover damages because the defendant refused and failed to comply with his preliminary agreement and the terms upon which the partnership was to be formed; and if said partnership was formed, then for damages because the defendant failed to do and perform what he agreed to do before it was formed. An action "may be maintained by one partner against another partner in the same firm, upon the expressed promise made before the commencement of the partnership in respect to advances to be made to constitute the capital of the company for the purpose of carrying on the partnership." *Currier v. Webster,* 45 N. H., 226; *Hill v. Palmer,* 56 Wis., 123, 43 Am. Rep., 703; *Smith v. Kemp,* 92 Mich., 357; *Bull v. Coe,* 77 Cal., 54, 11 Am. St. Rep., 235; *Ellison v. Chapman,* 7 Blackf. (Ind.), 224; George on Partnership, pp. 320, 321. "A suit by a partner against his copartner upon a claim not founded on the plaintiff's interest in the partnership assets, but arising from a direct violation of the articles of agreement of copartnership, need not be delayed for the taking of an account of the partnership." George on Partnership, p. 322; and numerous cases cited in note 68.

The general rule that one partner cannot sue another except to wind up the business or to recover a balance due by the settlement, with some of the exceptions to that rule, is stated in *Newby v. Harrell,* 99 N. C., 149, 6 Am. St. Rep., 503. This case presents another exception.

A cause of action for the recovery of damages is stated in the complaint. "When one violates his contract he is liable for such damages as are caused by its breach, or such as being incidental to the act of omission or commission, as a natural

consequence thereof, as may reasonably be presumed to have been in the contemplation of the parties when the contract was made." *Spencer v. Hamilton,* 113 N. C., 50, 37 Am. St. Rep., 611. "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered, either arising naturally, that is, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." *Herring v. Armwood,* 130 N. C., 180, 57 L. R. A., 958; *Lumber Co. v. Iron Works,* 130 N. C., 587; *Mace v. Ramsey,* 74 N. C., 11. The application of these principles to the facts of this case, as they may prove to be, is a matter for consideration upon the trial.

The judgment dismissing the action is

Reversed.