## SWITZER et al. v. HENKING.

(Circuit Court of Appeals, Sixth Circuit. January 22, 1908.)

### No. 1,719.

BANKRUPTCY—DEBTS PROVABLE—IMPLIED CONTRACT—"WARRANTY."

A good faith "representation and warranty" made by one joint purchaser of timber to his co-purchasers as an inducement to the purchase, as to the quantity of lumber which could be cut from such timber, is not within the rules as to "warranties" in sales of property or insurance contracts to the extent of implying a promise to reimburse his co-purchasers for loss on account of the failure of the tract to cut as much as represented, so as to create a liability therefor on an implied contract provable against his estate in bankruptcy under Bankr. Act July 1, 1898, c. 541, § 63a (4), 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447].

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7396–7404, 7833.]

Appeal from the District Court of the United States for the Eastern Division of the Southern District of Ohio.

Roscoe J. Mauck, for appellants.
E. D. Davis, for appellee.

Before LURTON and RICHARDS, Circuit Judges, and KNAPPEN, District Judge.

KNAPPEN, District Judge. The appellants filed a claim against the estate of the bankrupt above named, alleging that claimants entered into an agreement with the bankrupt whereby claimants were to purchase from the Clendenin Coal & Coke Company all the merchantable timber on a certain tract of land described, and to pay for the same the sum of $2,250, the timber to be lumbered on joint account by claimants, the bankrupt, and a fourth person (the two latter having charge of the operations), the capital for such operation to be obtained by loan through the joint and several obligations of the four parties; that after paying claimants the $2,250 purchase price advanced, claimants together were to have one-third of the net profits, and each of the other parties a third; that the bankrupt was an experienced timber man; that "as an inducement (to claimants) to enter into said contract and purchase said timber the said bankrupt, at and before the time of the making of said contract, represented and warranted that the timber standing and growing upon the lands aforesaid would cut and manufacture a million feet or more of merchantable lumber," when in fact said timber contained but 500,000 feet of merchantable lumber; that claimants entered into the contract referred to and purchased, and paid for the timber in sole reliance upon such representations and warranty, believing therefrom that the timber would cut the amount stated; that the title to said timber was taken in the name of one of the claimants, the manufacturing and marketing of the same being done by a corporation organized for the purpose by the four 'parties concerned; that the timber has been cut and marketed, yielding but 500,000 feet of merchantable lumber, and that claimants have thereby lost $1,000. The petition asks that the claim be referred to a competent court for liquidation, and that when so liquidated it be allowed. The claim was rejected as not provable. The appeal is from that action.

The sole question presented is whether the claim as stated is provable. If provable, it must be under subsection 4 of section 63a of the bankrupt act, which provides for proof of debts founded "upon a contract express or implied," in connection with the provision in that section for the liquidation of unliquidated claims prior to proving and allowance. It is unnecessary to consider whether a claim arising in tort is provable under the bankrupt act, on the theory of waiver of tort or otherwise. Not only is there no charge that the alleged misrepresentations were known to the bankrupt to be untrue, but the brief of appellants' counsel expressly disclaims any charge of fraud or bad faith, and plants the claim squarely and solely upon "an express warranty, arising out of and a part of an express contract." The claim is for reimbursement of claimants on account of the shortage in the

158 F.—50

timber purchased. The specific question thus presented is, does the claim state a promise, express or implied, on the part of the bankrupt to so reimburse? The bankrupt is not alleged to have in terms promised to make such reimbursement. If any such promise is to be found, it must therefore be because implied in the term "represent and warrant." The term "represent" is not claimed, and cannot well be claimed, to imply a promise to reimburse. The discussion may therefore be limited to the meaning of the term "warrant." Anderson's Law Dictionary defines the term thus: "To give assurance of the existence of a fact; as, of the quality of goods sold, the validity of a title, the description and uses of insured property." The term "warrant" has, with respect to three classes of transactions, viz., conveyances of real estate, sales of personal property, and contracts of insurance (both marine and fire), a settled and technical meaning. As applied to these classes of transactions, an agreement on the part of the warrantor to indemnify the warrantee against damages on account of a breach of the warranty is implied in the term "warrant," the definition of which thus includes such promise to indemnify. But this technical use of the term seems to be confined to these three classes of cases. Thus: The American & English Encyclopædia of Law, in stating "the general scope of the subject," says:

"The term 'warranty' is used in several distinct connections: in insurance law, to indicate an undertaking on the part of the insured that certain alleged facts are as he represents them to be; in the law of real property, to indicate a covenant on the part of the grantor in the conveyance to protect the title conveyed to his vendee; in the law of sales of personal property, to indicate a collateral undertaking on the part of the seller as to the quality of or title to the subject of the sale. Warranties of this last character may be either express or implied." 30 Am. & Eng. Enc. of Law, p. 128.

The law dictionaries of Bouvier, of Anderson, and of Rapalje and Lawrence, as well as Stroud's Judicial Dictionary, all divide their definitions on the subject of warranty, and their citations in respect thereto, under the three heads only of insurance, sales of personal property, and conveyances of real property. The case of sales of personal property is the only one of the classes mentioned under which it can be even plausibly suggested that the claim in question comes. Were this a claim against a vendor of property upon a warranty of quantity, it may safely be conceded, at least for the purposes of this opinion, that the law would imply an agreement to make good the damage caused by the breach, and that such claim would thus be provable in bankruptcy. But it is to be noted that the bankrupt is not charged to have been the owner or vendor of the timber in question, or even to have been in any way interested in the sale of the timber, either directly, or collaterally as surety, or guarantor for the seller. His interest in the purchase was of the same kind as that of claimants, viz., to procure a tract which could be profitably lumbered. We are cited to no authorities recognizing the extension of this doctrine of warranty beyond the three classes of cases mentioned, and we know of no authority which holds that a good-faith "representation and warranty" made by one partner or joint purchaser of property to his co-purchasers or copartners, as inducement for the making of such co-partnership contract and purchase, as to the value or quantity of the

thing to be purchased, or the profitableness of the enterprise contemplated, comes within the rules applicable to warranties in sales of property and insurance contracts; or, in other words, which hold that an implied promise is raised on the part of one so "representing and warranting" to reimburse his associates for any loss they may suffer from the failure of such representations.

Cases of warranty relating to representations by the vendor of property are cited in appellants' brief. They do not support the proposition necessary to the provability of the claim here in question, viz., that the term "represent and warrant," used under the circumstances stated, implies a promise to respond in damages for failure of the representations to hold good. Had the bankrupt added to his assurance an express promise to make good to claimants any loss they might suffer through the failure of the tract to cut the quantity represented, it may be conceded that a claim founded upon such promise would be provable in bankruptcy, as it would be suable had not bankruptcy intervened. To illustrate: In Drummond v. Prestman, 12 Wheat. 515, 6 L. Ed. 712, an engagement was made by a father "to guaranty to you the conduct of my son," and stating that "I shall hold myself liable, and do hold myself liable, for the faithful discharge of all his engagements to you." There a promise to indemnify was expressly stated. If claimants were demanding or expecting an assurance of indemnity against loss or damage through failure of the tract to cut as much lumber as represented, the natural course would have been to insist upon such express agreement. The cases cited by appellants' counsel in support of the right of one partner to sue another for breach of an express agreement contained in the articles of copartnership, or made as a condition precedent to the formation of the partnership, are not in conflict with the conclusion above reached that such promise to indemnify is not implied from the mere use of the term "warrant," under the circumstances existing here. Thus: In Robinson v. Bullock, 58 Ala. 618, the action was brought upon an express promise by a copartner to supply certain timber for manufacture. In Owen v. Meroney, 136 N. C. 475, 48 S. E. 821, 103 Am. St. Rep. 952, the action was for failure of an express agreement to furnish money and equipment to run a mill. In Cook v. Canny, 96 Mich. 398, 55 N. W. 987, it was held that a partner can maintain an action at law upon the agreement of his copartner, contained in the articles of partnership, to pay a certain sum for an interest in a patent which was to form the basis of their subsequent partnership relations and dealings. In Grant v. Bryant, 101 Mass. 567, by the partnership articles A. expressly "guarantees to B. the sum of $10,000 towards such profits, notwithstanding losses to any extent." The $10,000 so guaranteed was required to be paid, not by the partner so guaranteeing, but out of the partnership funds before division. In Magilton v. Stevenson, 173 Pa. 560, 34 Atl. 235, the partnership articles provided that one of the partners should in no event be put to a loss of more than a given amount, and contained an express promise that in case of a greater loss the balance should be made up to such partner by the other partners. In Whitehill v. Schickle, 43 Mo. 537, the defendant had expressly promised in terms to indemnify the plaintiff for any losses which

should occur in the business during a given period, and to pay him the amount of such losses. In the case here presented, had such express promise to indemnify been made a different case would be presented.

The claim has been twice stated, the second time with knowledge of the view of the court below that the term "represent and warrant" did not imply a promise to reimburse the claimants for damages on account of the failure of the tract to cut as much lumber as represented. The fact that the restated claim, as conspicuously as the original statement, fails to allege a promise (even by implication) to indemnify the claimants, suggests that the ground of alleged liability cannot be more definitely or more strongly stated, and that reliance is had by claimants only upon a supposedly necessary legal implication of a promise from the use of the language "represent and warrant." It cannot be so held.

The conclusion reached is that the claim does not state a cause of action. The order rejecting the claim is affirmed.