## CHANIN v. CHEVROLET MOTOR CO. et al.
### No. 43941.

District Court, N. D. Illinois, E. D.

Sept. 21, 1935.

Arthur J. Goldberg, of Chicago, Ill., for plaintiff.

Franklin D. Trueblood (of Zane, Morse, Zimmerman & Norman), of Chicago, Ill., for defendant Chevrolet Motor Co.

John A. Bloomingston, of Chicago, Ill. (Robert A. Isaacs, of Chicago, Ill., of counsel), for defendant Libbey-Owens-Ford Glass Co.

Robert L. Hunter (of Bayley, Merrick, Webster & Gregory), of Chicago, Ill., for defendant Garfield Chevrolet Sales Co.

HOLLY, District Judge.

Plaintiff filed his complaint in the circuit court of Cook county against defendants, Chevrolet Motor Company, a corporation, Libbey-Owens-Ford Glass Company, a corporation, and Garfield Chevrolet Sales Company, a corporation. In the complaint plaintiff averred in the first count that defendant Chevrolet Motor Company was engaged in the business of manufacturing and selling automobiles, defendant Libbey-Owens-Ford Glass Company was in the business of manufacturing glass windshields for automobiles, including those sold and manufactured by defendant Chevrolet Motor Company, and that the defendant Garfield Chevrolet Sales Company was engaged in the business of selling automobiles manufactured by defendant Chevrolet Motor Company. He further averred that, in order to induce the plaintiff to purchase a Chevrolet automobile from the defendant Garfield Chevrolet Motor Sales Company, which Chevrolet automobile had been manufactured by the Chevrolet Motor Company and which was equipped with a glass windshield manufactured by Libbey-Owens-Ford Glass Company, and in consideration of such purchase by the plaintiff, the defendants Chevrolet Motor Company, Libbey-Owens-Ford Glass Company, and Garfield Chevrolet Sales Company promised, assured, and warranted to the plaintiff that the glass windshield of said automobile was constructed of a type of glass manufactured by the defendant Libbey-Owens-Ford Glass Company known as "shatter-proof safety glass," and that the said windshield was nonbreakable and shatterproof and would not break or shatter in the event of a collision between the said Chevrolet automobile and any other automobile, and that by reason thereof plaintiff and all those riding in said automobile would be safeguarded from accident; that plaintiff, relying upon said promises and warranties of said defendant, purchased from defendant Garfield Chevrolet Sales Company, a corporation, the said automobile; that the glass in the windshield was not shatterproof and unbreakable, which fact was unknown to plaintiff at the time of the purchase of said automobile, and remained unknown to him at all times thereafter until later, when plaintiff was driving said Chevrolet automobile and was in the exercise of ordinary and reasonable care

for his own safety, an automobile owned by another person collided with plaintiff's said automobile, and as a direct result of said collision said windshield in plaintiff's automobile which had been so warranted by defendants was broken and shattered, and plaintiff was injured by particles of glass from said windshield.

The second count is substantially the same as the first count, except that in the second count it is stated that, in order to induce plaintiff to purchase said automobile from Garfield Sales Company, a corporation, which automobile had been previously sold to Garfield Chevrolet Sales Company by defendant Chevrolet Sales Company (but the pleader evidently meant to state that the automobile had been sold to the Sales Company by Chevrolet Motor Company, the manufacturing corporation), and which said automobile was equipped with a glass windshield manufactured by defendant, Libbey-Owens-Ford Glass Company, and in consideration of such purchase, the defendants Chevrolet Motor Company, Libbey-Owens-Ford Glass Company, and Garfield Chevrolet Sales Company promised and warranted as set out in the first count. The third count of the complaint is substantially the same as the first count.

■ It is well settled by the authorities that a warranty arising from a contract of sale is a promise or agreement by the vendor that the article sold has certain qualities or that the vendor has good title thereto. In no case except that of Baxter v. Ford Motor Company (1932) 168 Wash. 456, 12 P. (2d) 409, 15 P.(2d) 1118, 88 A.L.R. 521, had it been held that any one other than the vendor, no matter what his relation to the parties, is liable to respond in damages for a misstatement or misrepresentation as to the qualities of an article sold, except in an action for fraud or deceit. In Switzer v. Henking, 158 F. 784, 15 L.R.A.(N.S.) 1151 (C.C.A.6th Circuit), it was held that, where one of several joint purchasers of a tract of timber, for the purpose of inducing the others to join with him in the purchase, represented to them that a certain quantity of lumber could be obtained from the timber cut from the tract, such representation was not a warranty, and that the obligation of warranty in sales of personal property arose only between the vendor and vendee. In Turner v. Edison Storage Battery Co., 248 N.Y. 73, 161 N.E. 423, 424, plaintiff sought to recover damages for personal injuries alleged to have resulted from the use of a storage battery manufac-

tured by the defendant. Plaintiff's complaint contained two counts, one sounding in tort and another based on an alleged breach of warranty. As to this latter count the court said: "There can be no warranty where there is no privity of contract. A cause of action for breach of warranty either express or implied, is not, and cannot be, stated. [Citing authority.] The goods may have been sold to the Fisher Hardware Company with a so-called written and continuing warranty for the benefit of the ultimate purchaser. A cause of action for deceit conceivably might arise from such a transaction."

Numerous other authorities might be cited to the same effect. The rule at common law is well settled. Further the Uniform Sales Act defines a warranty as follows: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation * * * is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." Ill. Uniform Sales Act, § 12, Smith-Hurd Ann.St. c. 121½, § 12; Cahill's Rev.Stat. chap. 121a, par. 15. It will be observed that the act limits warranty to a transaction between vendor and vendee.

■ In this action the sale was made by the Garfield Chevrolet Sales Company. The only connection between the plaintiff and the other two defendants, as stated by the complaint, is that they made certain representations to him to induce him to purchase the car from the Garfield Chevrolet Sales Company. They were not parties to the sale, and therefore cannot be liable to plaintiff as parties to a contract of warranty.

Counsel for plaintiff urges that modern business conditions demand a departure from the old rule. He refers to the fact that customers are secured for the product of the manufacturer through advertisements in newspapers, circulars, and otherwise in which positive statements are made by the manufacturer that the goods produced are of a certain quality and standard. He says that prospective purchasers in buying from dealers rely upon these representations made by the manufacturer, and that such representations form part of the consideration for the purchase.

What counsel says probably contains much truth, but I am of the opinion that, if a purchaser is to be given the right to require the manufacturer to make good on his representations, that result should be

brought about by legislation. At any rate, I do not feel that I, as a judge of a nisi prius court, should undertake to upset a rule which has been laid down by all of the courts, with the single exception of the Washington Supreme Court in the case of Baxter v. Ford Motor Company, supra.