METROPOLITAN COMMERCIAL CORPORATION, Respondent, *v.* LARKIN Co., INC., Appellant.*

Fourth Department, October 4, 1939.

* Affg. 168 Misc. 31.

*Saperston, McNaughtan & Saperston* [*Alfred M. Saperston, Daniel N. McNaughtan* and *Omar G. Olds* of counsel], for the appellant.

*Busch & Garvey* [*James O. Moore* and *William P. Garvey* of counsel], for the respondent.

PER CURIAM. The plaintiff brought this action against the defendant to recover the possession, or the value, of twenty-three automobiles for which it holds negotiable warehouse receipts, issued by the defendant and indorsed by the depositor of the automobiles. The defendant interposed the defense that it had a lien thereon for storage charges on other automobiles which it had previously stored for, and released to, the same depositor without payment of the storage charges. The action, by stipulation of the parties, was tried before the court without a jury and resulted in a decision in plaintiff's favor on all issues presented by the pleadings. The court held, among other things, that the receipts failed to expressly enumerate charges for storage of automobiles other than those represented by the receipts and that, therefore, the defendant's lien was limited to storage charges subsequent to the dates of the receipts. The defendant appeals from the judgment thereon entered.

The principal ground which defendant urges for reversal of the judgment is that the trial court erred in holding that the receipts did not comply with the statutory provisions relating to negotiable warehouse receipts. All of the receipts contain a description of the automobile deposited and, so far as here material, read: " Deliverable to the order of Quale Garage Co., Inc., [the depositor] only upon * * * the payment of all lawful charges and claims for storage and preservation of the goods and for money advanced, interest, insurance, transportation, labor, weighing and coopering, both in relation to said goods and to other goods heretofore received by Larkin Co., Inc., from the above named depositor upon which said charges and claims remain unpaid, for all of which a lien is claimed. The merchandise is subject to our storage charges

per agreement. \* \* \* Storage charges payable monthly in advance."

A warehouseman's lien rights are governed by the provisions of sections 91 and 112, 113, 114 and 115 of the General Business Law (Cons. Laws, chap. 20). The lien which the statute gives a warehouseman is a general one. (Gen. Business Law, § 113; *Stallman v. Kimberly*, 121 N. Y. 393; *Klock Produce Co.* v. *Diamond Ice & Storage Co.*, 90 Wash. 67; 155 P. 414; 67 C. J. 548, §§ 200, 201.)

When, however, a warehouseman issues a negotiable receipt to a depositor of goods, the lien thereon, by virtue of section 115, is limited to storage charges upon the specific goods subsequent to the date of the receipt unless the receipt expressly enumerates other charges for which a lien is claimed.

A receipt that " expressly enumerates other charges " is one that separately lists each item in unmistakable terms.

We agree with the views expressed by the trial judge in his opinion (168 Misc. 31), that these receipts, when read in the light of the applicable statutory provisions, are too vague and uncertain to support a lien for the depositor's indebtedness to the defendant for unpaid storage charges on automobiles other than those described in these receipts.

A reasonable interpretation of the wording of these receipts would indicate that the lien which is claimed is for such lawful charges and claims — if any there be — as remain unpaid. No specific statement is therein made that charges and claims actually remain unpaid or that goods, theretofore deposited, have been removed from storage without payment of storage charges thereon. A purchaser reading these receipts would be justified in concluding that the " other goods heretofore received by Larkin Co., Inc., from the above named depositor," were still in storage and had not been withdrawn without payment of charges, and that the phrase " both in relation to said goods and to other goods " refers only to " claims \* \* \* for money advanced \* \* \* and coopering."

We have considered the remaining questions presented by this appeal and conclude that they were correctly decided in the court below.

The judgment is affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs.