## WILSON DISTILLING CO., Inc., v. FOUST DISTILLING CO.

### Civil Action No. 1163.

District Court, M. D. Pennsylvania.

Sept. 30, 1943.

Douglass D. Storey and Storey & Bailey, all of Harrisburg, Pa., and Tydings, Sauerwein, Levy & Archer, of Baltimore, Md., for plaintiff.

William Hoffenberg, of Baltimore, Md., and Mark T. Milnor, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This is a proceeding for summary judgment under Rule 56 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

By summons and complaint filed in this court, the plaintiff, a corporation of the State of Maryland, brings this action against the defendant, a corporation of the Commonwealth of Pennsylvania, alleging, inter alia, illegal retention by defendant of two hundred and eighty-five (285) barrels of rye whiskey stored in defendant's warehouse and for which defendant issued six (6) negotiable warehouse receipts to plaintiff.

In the first count of the complaint plaintiff alleges: (1) that it is the registered owner of the negotiable warehouse receipts above mentioned; (2) that it paid all storage charges called for by said receipts; (3) that it prepared applications on Form 236 of the Bureau of Internal Revenue for permits to transfer said whiskey; (4) that it secured approval of the said applications by the proper District Supervisors; (5) that it tendered said approvals to defendant; (6) that it paid or offered to pay all lawful charges incidental to said shipment of said whiskey, and (7) fulfilled or offered to fulfill all lawful requirements in connection with said delivery and transportation in bond.

In answer to the first count of the complaint defendant admits, (1) that plaintiff is the registered owner of the six (6) negotiable warehouse receipts; denies, (2) that plaintiff paid all storage charges called for by said receipts; admits (3) that plaintiff prepared applications on form 236 of the Bureau of Internal Revenue for permit to transfer said whiskey; admits (4) that

plaintiff secured approval of the said application by the proper District Supervisors; denies (5) that plaintiff tendered said approvals to defendant but therein admits receipt of said approvals from the United States Government Bureau; admits (6) that plaintiff paid or offered to pay all lawful charges incidental to said shipment of said whiskey; and denies (7) that plaintiff fulfilled or offered to fulfill all lawful requirements in connection with said delivery and transportation in bond, and supports that denial by allegations, which, taken with the denial, (2) above, that plaintiff paid all storage charges called for by said receipts, produce the issue to be considered.

It is the contention of the defendant as set forth in its answer that it claims possession of said whiskey and a lien thereon for payment of storage charges for warehousing other barrels of whiskey stored by plaintiff with defendant under the same contract even though represented by different receipts.

The other barrels of whiskey referred to were removed by plaintiff from defendant's warehouse before this controversy arose.

It is the contention of plaintiff, as set forth in its complaint, that defendant, refusing to deliver possession of the warehoused whiskey, is attempting to enforce a lien against the said two hundred and eighty-five (285) barrels now stored, which lien arises from the storage of whiskey under other and different bailments and evidenced by other and different receipts.

In pursuit of that contention, and by reason of defendant's admissions in its answer to count one thereof, the plaintiff has filed a motion for summary judgment on the said first count, alleging that all material facts in the said first count are admitted and that the claim of the defendant of a lien on the presently warehoused whiskey is illegal and unenforceable.

Section 30 of the Uniform Warehouse Receipts Act of March 11, 1909, P.L. 19, 6 P.S.Pa. § 26, provides: "If a negotiable receipt is issued for goods, the warehouseman shall have no lien thereon, except for storage of those goods subsequent to the date of the receipt, unless the receipt expressly enumerates other charges for which a lien is claimed. In such case there shall be a lien for the charges enumerated, so far as they are within the terms of section twenty-seven, although the amount of the charges so enumerated is not stated in the receipt."

This section applies to the present controversy and it has been held thereunder that a charge not entered on a negotiable receipt at the time of issue thereof was invalid even though the prior charge was against the same bailor. Metropolitan Commercial Corporation v. Larkin Co., Inc., 257 App.Div. 612, 15 N.Y.S.2d 18, appeal denied, 258 App.Div. 1030, 17 N.Y.S.2d 1002. A charge for other transactions concerning other warehoused goods is invalid unless entered upon such receipt at the time of issue. Klock Produce Co. v. Diamond Ice & Storage Co., 90 Wash. 67, 155 P. 414. Nor can the charge for storage as set forth in such receipt be changed after the issue of the receipt. Schenley Distillers Corporation v. Kinsey Distilling Corporation, D.C.E.D.Pa.1941, 42 F.Supp. 679.

The present controversy involves negotiable warehouse receipts and the law applicable thereto has raised a barrier against the enforcement of a warehouseman's lien for charges which do not appear upon the face of the receipt. A negotiable receipt, in the ordinary course of business may come into the hands of third persons not parties to the bailment and for whose protection the law in its present state exists. Such purchaser or transferee is protected thereby in accepting the receipt at its face value.

An examination of defendant's contention as set forth in his amended answer reveals that he bases his right to retention and lien upon an alleged contract under which defendant agreed to produce, barrel and store whiskey for the account of plaintiff, and claims that inasmuch as the two hundred and eighty five (285) barrels of whiskey, for which the six (6) receipts above mentioned were issued, were part of that contract, a lien against the remaining barrels is legal and enforceable.

The difficulty encountered in upholding this contention of defendant lies in the fact that even if the whiskey were produced, barrelled and stored under the same contract, the whiskey was the subject of different bailments. As it was produced and barrelled it became the subject of bailment, and, evidencing succeeding bailments, separate negotiable receipts were issued. There were other ways and means under which defendant might have conducted the details of such a transaction as it has

746

alleged to have occurred and which might have afforded him the protection of a lien under such circumstances. Having elected to issue separate negotiable receipts the defendant must be bound by the legal consequences ensuing therefrom and cannot legally withhold possession of the aforesaid whiskey from plaintiff.

Sections (a), (c) and (d) of Rule 56 of Rules of Civil Procedure for the District Courts of the United States provide:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. * * *

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Under Rule 56 this court makes the following order:

It is ascertained that the following facts appear without substantial controversy:

(1) Plaintiff is the registered owner of six (6) negotiable warehouse receipts, numbered 2528, 2529, 2530, 2532, 2533, and 2534, evidencing receipt by the defendant of two hundred and eighty-five (285) barrels of whiskey.

(2) Plaintiff has paid or has offered to pay all storage charges called for by said receipts.

(3) Plaintiff has prepared the proper application for permits to transfer said whiskey.

(4) Plaintiff has secured the necessary approvals of said applications by the proper District Supervisors.

(5) Defendant has received the said approvals.

(6) Plaintiff upon payment to defendant of the proper storage charges assessed against the aforesaid two hundred and eighty-five (285) barrels of whiskey in accordance with this opinion is entitled to possession of the said whiskey stored in the warehouse of the defendant, and it is hereby,

Ordered, that the defendant, upon receipt of payment to it by the plaintiff of the aforesaid proper storage charges, deliver into the possession of the plaintiff the aforesaid two hundred and eighty-five (285) barrels of whiskey, the issue as framed for trial to proceed and be conducted accordingly.