**WILSON DISTILLING CO., Inc., v. FOUST DISTILLING CO.**

Civil Action No. 1163.

District Court, M. D. Pennsylvania.

April 30, 1945.

Douglas D. Storey and Storey & Bailey, all of Harrisburg, Pa., and Tydings, Sauerwein, Levy & Archer, of Baltimore, Md., for plaintiff.

William Hoffenberg, of Baltimore, Md., and Mark T. Milnor, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by plaintiff for leave to amend all its pleadings by substituting a different corporate title for the plaintiff and also motions for summary judgment filed by both parties.

This case has been before this court previously on a motion for summary judgment by plaintiff and judgment was then granted to plaintiff under the first count of the complaint. That part of these proceedings is reported in 51 F.Supp. 744.

The facts are as follows: The defendant sold to Wilson Distilling Co., Inc., certain barrels of whisky and as a warehouseman issued negotiable warehouse receipts therefor. The plaintiff was described in the complaint as a Maryland corporation. The affidavit of the president of plaintiff corporation attached to the original notice of plaintiff for summary judgment stated that plaintiff was a New York corporation. Plaintiff has filed a motion to amend all pleadings filed in this case. The motion to amend is accompanied by a new affidavit by the plaintiff's president stating that plaintiff. at the time of filing the original motion for summary judgment, was a Maryland corporation but that by due corporate proceedings, on October 31, 1944, the plaintiff changed its corporate title to Hunter-Wilson Distilling Company, Inc. In the same motion to amend the pleadings the plaintiff also requests permission to substitute new affidavits for the original affidavits attached to the original motion for summary judgment in order to correct the corporate name of plaintiff.

The defendant opposes the amendments and contends that the motion to amend by substituting the new corporate title of plaintiff brings in a stranger to the transactions related in the pleadings. The defendant also contends that the new affidavits which plaintiff moves to have substituted vary materially in substance from the affidavits now on file and further that the Rules of Civil Procedure make no provision for the substitution of moving affidavits.

■ The contentions of the defendant on the motion to amend cannot be sustained. The motion to amend the pleadings insofar as the corporate title of the plaintiff is concerned is made for the purpose of correcting the record where reference to a New York corporation is erroneously made and for the purpose of reflecting in the pleadings the change in corporate name which has taken place during the pendency of this litigation. The new affidavits should be permitted to be filed. In such a matter as this a substitute is the equivalent of an amendment, and such an amendment is allowable at any stage of the proceedings. If there is any variation in the substance of the affidavits under consideration, advantage may be taken thereof at trial by the defendant or the plaintiff may later move for amendment to make the pleading conform to the proof adduced. Under Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, amendments should be freely granted. The motion of the plaintiff for leave of court to amend the pleadings is granted and will so appear on the Order of Court attached to plaintiff's motion.

The motion for summary judgment filed by plaintiff is based upon the fifth and sixth counts added to the complaint by amendments heretofore made.

■ The fifth count alleges that plaintiff's corporate predecessor acquired certain barrels of whiskey from defendant "in respect of which defendant agreed to indemnify and save harmless plaintiff's said predecessor from any damage suffered as a result of the loss of whiskey * * * while in storage in defendant's warehouse in excess of the outages allowed by the United States Government for purposes of taxation, and said whiskey, together with said rights of indemnity, were subsequently acquired by plaintiff." The remainder of the fifth count alleges a loss of 438.3 proof gallons of whiskey in excess of the outage allowed by the government. The word "outage" means loss by evaporation or leakage.

The agreement of indemnity mentioned in the fifth count is set forth in a photostatic copy of a letter attached to plaintiff's motion for summary judgment as Exhibit No. 2. The letter is from the defendant and is addressed to Mr. Joseph H. Reinfeld, Wilson Distilling Co., Inc., 630 Fifth Avenue, New York City, and is dated February 20, 1940. The pertinent part is as follows: "We also wish to advise that we will guarantee any excess outage on the above lot in accordance with the statutory allowance given by the government. It is further understood that when the allowance is to be allowed, it will be determined on a regauge basis as of the time tax pay-

ment or shipments are made. * * * " In answer to the fifth count defendant alleged no knowledge by answer filed on May 28, 1943. The substance of the "agreement of indemnity" appears in the pleadings for the first time as an exhibit attached to the affidavits accompanying plaintiff's motion for summary judgment and filed on August 3, 1944. To that motion there was filed on September 16, 1944, defendant's affidavit of defense wherein it is alleged that the defendant is not liable to the present plaintiff under the so-called agreement of indemnity by reason that the agreement was not legally assignable to the present plaintiff.

The defendant's position is well taken. The warehouse receipts covering the whiskey in question contain a provision on the face thereof expressly absolving the defendant from any liability for damage by reason of loss or damage due to evaporation or leakage. That provision is not mentioned by either of the parties hereto, but it is to be noted that the negotiable receipt, which serves to notify a subsequent holder of his rights contains, as part of the express contract, a provision against any claim for damages due to evaporation or leakage. The letter of February 20, 1940, contains a warranty which is in direct opposition to the terms of the warehouse receipts. The letter of warranty was given to plaintiff's predecessor and rights thereunder were not assignable. Under the Pennsylvania Act of Assembly of March 11, 1909, P.L. 19, Sec. 41, 6 P.S. § 161, "A person, to whom a negotiable receipt has been duly negotiated, acquires thereby, — a. Such title to the goods as the person negotiating the receipt to him had, or had ability to convey * * *." That the plaintiff's predecessor had no ability to convey the warranty rights contained in the letter of warranty because no privity of contract existed between the defendant and the present plaintiff is held by the following cases: Chanin v. Chevrolet Motor Co. et al., D.C., 15 F.Supp. 57; Rachlin v. Libby-Owens-Ford Glass Co., 2 Cir., 96 F.2d 597, and Timberland Lumber Co., Limited, v. Climax Mfg. Co., 3 Cir., 61 F.2d 391. The plaintiff cites the case of Conestoga Cigar Co. v. Finke et al., 144 Pa. 159, 22 A. 868, 869, 13 L.R.A. 438, but in that case where it was held that the warranty ran in favor of a subsequent purchaser, the goods warranted were sold by samples bearing labels or tags descriptive of qual-

ity, relied upon by subsequent as well as original purchasers. Mr. Chief Justice Parson in his opinion stated that that case was one of first impression, that the court had decided only what was before it, and did "not anticipate cases which might arise in the future under other circumstances."

Privity of contract cannot be obtained by a mere assignment of a contract. The consent of the parties to the contract must be shown in some manner. Where a mortgage conveys, in addition to the described real estate, the rents, issues and profits thereof, no privity of contract is created thereby between the mortgagee and a tenant of the mortgagor. See the opinion of this court in the case of Malamut v. Haines, reported in, D.C., 51 F.Supp. 837. See also Peoples-Pittsburgh Trust Co. v. Henshaw, et al., 141 Pa.Super. 585, and the reference therein on pages 588 and 589 to the Statute of Anne, 15 A.2d 711, Ch. 16 Secs. 9 and 10, whereby a non-existent privity between the tenant and his landlord's alienee was supplied by statute due to the necessity to create more easy redemption and foreclosure of mortgages.

The law pertaining to privity of estate must not be confused with the privity between individuals conveying or succeeding to the estate. In that case the privity attaches to the real estate itself and binds those in successive possession. Such is not the law with regard to personal property.

The defendant also contends in relation to plaintiff's motion for summary judgment on count five of the complaint that the supporting affidavit of Klein stating the custom of the whiskey trade as applied to warranties against outage is an expression of the affiant's opinion and does not meet the requirements of evidence. This point is also well taken. The existence of a usage or custom can only be proven by instances of actual practice; a succession of individual facts; and cannot be proven by the opinion of a witness. Ames Mercantile Co. v. Kimball S. S. Co., D.C., 125 F. 332, 336. The rule of law that custom or usage may not be shown to vary the terms of a written contract unless the custom or usage is so well established, general and uniform that the parties are presumed to act and contract with reference to it. Makranski et al. v. Weston et al., 304 Pa. 383, 387, 155 A. 741, is not disturbed by the ruling in the Ames' case, supra, as the court held that the terms of

the contract therein were unintelligible and required clarification. In the instant case if the custom or usage of passing on to subsequent title holders such a special warranty as is under consideration here the measure of proof thereof must be adequately met. Here the custom is not pleaded and the supporting affidavit is insufficient. The plaintiff contends that the present plaintiff is a corporate successor to the original holder of the warranty rather than a buyer on resale. That no merit can attach to such a contention is illustrated by the fact that plaintiff has pleaded his instruments of title wherein his plaintiff acquired title by bargain and sale.

In the sixth count, also added to the complaint by amendment, the plaintiff alleges a duplicate payment to defendant for storage charges in the amount of $146.00. In answer thereto the defendant admits receipt of the double payment but avers that plaintiff is indebted to defendant for storage charges in the amount of $705.20 and admits a set-off of the $146.00 against the $705.20. The plaintiff thereupon filed a reply to defendant's answer denying indebtedness for any storage charges.

Examination of the numerous pleadings filed reveals that in addition to the controversy mentioned in the above paragraph a controversy still exists as to the measure of damages, the amount of outage loss, claim for tax refund, transfer of title, duplication of assignments and denial of facts contained in the supporting affidavits. These are triable issues and a summary judgment will not lie thereon.

The defendant has also filed a motion for summary judgment based on the fifth count of the complaint alleging that the plaintiff has no rights under the letter of warranty of February 20, 1940. The defendant's motion must be denied. The matter of custom and usage may be later raised by the plaintiff in a proper manner and that proof may affect these proceedings materially. That point cannot be decided here and the issues raised must proceed to trial.

The motion of the plaintiff to amend the pleadings by substituting the name of Hunter-Wilson Distilling Company, Inc., as plaintiffs, is hereby granted, and the Clerk of the Court is hereby directed to mark the docket accordingly; the motion of the plaintiff for leave to amend plaintiff's motion for summary judgment by substituting the new affidavits of Frank Desmond and H. C. Levin as exhibits A and B, respectively, in said motion, is granted, and the motions for summary judgment by plaintiff and by defendant are hereby denied.