## Lauber v. Whitemarsh Memorial Park Cemetery Co.

*John V. Hasson,* for plaintiffs.
*Daniel A. Rothman,* for defendant.

HONEYMAN, J., November 16, 1970.—The above two cases have been consolidated for disposition, since they both involve identical contracts entered into by the respective plaintiffs with defendant cemetery company. The essence of the cause of action is that defendant breached the said contracts by failing to complete construction of above-ground burial facilities within a reasonable time. The con-

tracts were entered into on September 26, 1964, by Mr. and Mrs. Lauber, and on August 31, 1964, by the Coles. The contracts required defendant to provide above-ground burial facilities in return for a price to be paid, in instalments, by the Laubers totaling $1,400, plus interest of $147.57 and trade-in allowances in the amount of $650; and by the Coles totaling $1,300, plus interest of $142.65 and trade-in allowance of $750. Mrs. Lauber died on September 14, 1966, and her remains have reposed in a temporary receiving vault at defendant's cemetery. The date of her death was two years after the contract and work had not even been commenced on the mausoleum.

According to paragraph 7 of the contract, time was made of the essence. Defendant in his answer to plaintiffs' interrogatories admitted that as of April 1967 only 25 percent of the work had been completed, with total completion set for September 15, 1968. Plaintiffs in both actions have paid in full their contractual obligations. Accordingly, this court entered orders dated September 17, 1970, granting summary judgment to the Cole-plaintiffs in the amount of $2,192.65, and to Lauber-plaintiff for $2,217.65. Defendant has appealed from these orders, necessitating this opinion.

No time is specified in the contract for completion of the facilities. Where no such time is specified for performance, the law will imply a reasonable time: Lefkowitz v. Hummel Furniture Company, 385 Pa. 244 (1956). Defendant's argument that the "time of the essence" provision applies only to paragraph 7 of the contract in which it appears, is erroneous. The clear language of that paragraph indicates that "time shall be of the essence *of this agreement.*" (Italics supplied.) Any attempt to make this provision apply only to paragraph 7 would go against the plain meaning of the words. Further, the words of a contract are

construed most strongly against the party invoking them: Galligan v. Arovitch, 421 Pa. 301 (1966). Defendant did not begin construction until two and one-half years after the signing of the agreements. Completion was not projected by defendant until some four years therefrom and was only 25 percent complete at the time of the filing of the instant actions. Such delay is an unreasonable amount of time in view of the nature of the contract. While it is true that the parties knew that completion would be at some time in the future, it cannot be contended that they thereby intended to wait more than four years from the date of the agreement. Further, the advanced age of the parties, 72, 58, 82, 81, is clear evidence of their intention and expectation of a reasonably prompt completion date for their burial facilities.

Defendant argues that it is customary for such mausoleum construction to take so long. Even if this be true, such custom, in order for it to be considered in construing a contract, must be shown to have been known to both parties to the contract, or so well established, general and uniform that the parties are presumed to act and contract with reference to it: Makransky et al. v. Weston et al., 304 Pa. 383, 387 (1931). The time it takes to build a mausoleum is not such a common fact that it would be within the knowledge of these plaintiffs, and defendant did not seek to establish their scienter in this regard under the provisions of the rules pertaining to summary judgments.

Accordingly, the judgment entered in favor of plaintiffs and against defendant was correct and is well supported by the pleadings and the agreements underlying the suits.